HADOCK BROS. v. S. A. HILL.

No. 2882.

**1. Sale by an Insolvent Debtor.**—The mere purchase of property from an insolvent debtor and paying for it with a negotiable promissory note is not fraudulent as to creditors.

**2. Fraudulent Sale by Insolvent.**—The charge of the court is approved as follows: "If the purchaser had notice of the fraudulent intent, or was in possession of such facts as would put an ordinarily prudent man on inquiry as to whether or not such transfer was made with intent to hinder, delay, or defraud creditors, and that such inquiry would have resulted in finding out that the transfer was fraudulent, then the jury should find against the defendant."

APPEAL from Hunt. Tried below before Hon. E. W. Terhune.

The opinion states the case.

*B. F. Looney,* for appellants.—1. It was incumbent upon Hill, knowing Ragsdale's insolvency at the time, to see to it that the purchase money

for the interest in the insurance policy was secured to Ragsdale's creditors.   Seeligson v. Brown & Brown, 61 Texas, 180.

2.   The law will impute fraud to a transaction where a person purchases property from one whom he knows to be insolvent, and executes to him for the purchase money his negotiable promissory note, due in the future. 61 Texas, 180;  Farmers Bank v. Douglass, 11 Smedes & M., 469.

3.   Although Hill may have had the intention in purchasing Ragsdale's interest in the insurance policy to more conveniently collect the insurance, still this intention will be overcome by the legal fraud perpetrated on Ragsdale's creditors.   Hill's knowledge at the time of purchase of Ragsdale's insolvency, and the execution of his negotiable promissory note to Ragsdale for the purchase money, will render the transaction legally fraudulent, notwithstanding Hill may not have purchased to enable Ragsdale to make a transfer with intent to hinder, delay, or defraud his creditors. 59 Texas, 124; 61 Texas, 144, 180; 64 Texas, 396; 70 Texas, 47; Wait on Fraud. Con., sec. 380.

4.   The court erred in overruling plaintiffs' motion for new trial, on the ground that the verdict was contrary to law, and because the verdict was contrary to and against the evidence; because the uncontroverted evidence is that Hill purchased from Ragsdale an interest in an insurance policy for $500, and executed to him his negotiable promissory note for same in that amount, due in one month; that he, defendant, knew at the time that Ragsdale was insolvent—that he had been closed by attachment, and was out of business; and he, defendant, failed to see that the said $500 went to pay off the debts of Ragsdale, but placed it wholly in Ragsdale's power to defraud his creditors; and further, that Rasdale was indebted to plaintiff in the sum of $2570.90.   4 Texas, 89;  7 Texas, 3, 556; 28 Texas, 185; 55 Texas, 124; 61 Texas, 180; Farmers Bank v. Douglass, 11 Smedes & M., 469; Meredith v. Johns, 1 H. & M. (Va.), 595; Quinby v. Strouss, 90 N. Y., 664.

*W. C. Jones* and *Mathews & Neyland*, for appellee. — 1. In order for the appellants to recover in this cause it must appear that Ragsdale transferred his interest in the policy for the purpose of hindering, delaying, or defrauding his creditors, and that Hill knew of such intent or was in possession of such facts as would place a reasonably prudent man on inquiry, which inquiry if followed up would have resulted in a discovery of such intent.   Bump. on Fraud. Con., 2 ed., pp. 197–208, and notes; 61 Texas, 180; Willis & Bro. v. Whitsett, 67 Texas, 677, 678.

2.   The charge of the court correctly submitted the question in issue to the jury, clearly defining under what circumstances a purchaser could take title from an insolvent, and by what character of notice he would be affected.   [See opinion.]

3.   The special charge asked by the appellants was properly refused,

because the same ignores the question of intention on the part of Ragsdale and Hill, and asks for a reversal solely because a note was given by Hill. Such is not the law.  [See opinion.]

HENRY, ASSOCIATE JUSTICE.—J. M. Ragsdale, owning five hundred dollars in an adjusted fire insurance policy, was insolvent, as was well known to Hill, the appellee.

Ragsdale sold his interest in the insurance policy to Hill for five hundred dollars, and Hill executed to him in payment his negotiable promissory note for that sum.

Appellants were creditors of Ragsdale for a large sum of money, and sued out against Hill a writ of garnishment.

Hill answered, denying being indebted to Ragsdale or having effects of his in his possession.

Appellants contested the answer.

The issues tendered by plaintiffs were to the effect that the transfer of the policy was made by Ragsdale when he was insolvent for the purpose and with intent of defrauding his creditors, which was at the time well known to Hill. Appellants complain of the charge because it did not inform the jury "that if Hill knew Ragsdale was insolvent at the time of purchase it was his duty to see that the proceeds of the sale went to Ragsdale's creditors;" and also because the court erred in refusing to charge, when requested by appellants, as follows: "If you believe from the evidence that defendant purchased from J. M. Ragsdale an interest in an insurance policy, and that the said Ragsdale was at the time insolvent, and the defendant knew it or was in possession of such knowledge as would have put on notice a reasonably prudent man, and you further believe that the defendant Hill executed his negotiable promissory note to said Ragsdale for such property so purchased, you will find for the plaintiff."

Other assignments of error relate to charges given by the court.

It is also insisted that the court erred in not granting appellants a new trial, "because the uncontroverted evidence is that Hill purchased from Ragsdale the interest in the policy and executed to him his negotiable promissory note for the purchase money, knowing at the time that he was insolvent, without seeing that the consideration paid him went to discharge Ragsdale's debts, and thereby placing it within his power to defraud his creditors."

We think the rulings of the court were correct in every respect.

The charge asked and refused embodied the proposition that the mere purchase of property from an insolvent debtor and paying for it with the negotiable promissory note of the purchaser is fraudulent as to creditors.

The court evidently had the correct conception of the questions involved, and instructed the jury clearly and concisely to the effect that if

the transfer was made by Ragsdale with intent to defraud his creditors,. and "if Hill had notice of the fraudulent intent, or was in possession of such facts as would put an ordinarily prudent man on inquiry as to whether or not such transfer was made with intent to hinder, delay, or defraud creditors, and that such inquiry would have resulted in finding out that the transfer was fraudulent," then they should find for plaintiffs..

The judgment is affirmed.

*Affirmed.*

Delivered November 22, 1889.