### T. D. Lipscomb v. S. B. Harwell et al.

Decided October 29, 1910.

**1.—Trial—Special Issues—Verdict—Basis of Judgment.**

In cases submitted upon special issues, as in all others submitted for the determination of a jury, the verdict alone constitutes the basis of the court's judgment upon the issues submitted. It is beyond the power of the court to enter a judgment contrary to those findings, even if the evidence upon the issues is undisputed.

**2.—Same—Special Issues—Failure of Jury to Answer.**

No judgment can be rendered in a case tried upon special issues when the jury fails to answer a question submitting a material issue.

Error from the County Court of Sherman County. Tried below before Hon. O. J. Ingham.

*Tatum & Tatum,* for plaintiff in error.

*S. B. Harwell,* for defendant in error.

SPEER, ASSOCIATE JUSTICE.—S. B. Harwell instituted this suit in the County Court of Sherman County to recover the sum of four hundred and eighty dollars from Joe Williams, T. D. Lipscomb and M. W. Harris, alleging in a general way that Lipscomb and Harris were the owners of certain lands which they had employed the defendant Williams as real estate broker to sell, agreeing to pay him the usual commissions of five per cent, and that he, the plaintiff, at the instance of defendant Williams and upon his promise to divide such commissions equally with him, had furnished a buyer for such lands.

The defendant Lipscomb answered generally, and, specially, that he had paid his co-defendant Williams the sum of four hundred and eighty dollars in full settlement of such commissions.

The case was tried before a jury upon special issues, resulting in a judgment in favor of the plaintiff against Williams for the sum of two hundred and forty dollars, and in favor of plaintiff and Williams jointly against the defendant Harris for the sum of ninety-six dollars, and against the defendant Lipscomb for the sum of three hundred and eighty-four dollars. The defendant Lipscomb alone prosecutes this writ of error.

*Conclusions.*—A number of issues were submitted to the jury by the court, among which was the following: "13th. How much commission, if any, is still due from Harris and Lipscomb, or either of them, on account of the sales of the land to Bell and Egolf?" And again, among special issues submitted at the request of plaintiff in error, was the following: "3rd. Did T. D. Lipscomb and M. W. Harris tender to the defendant Joe Williams their note for four hundred and eighty dollars, after the sales alleged by the plaintiff, as a full settlement of all commissions due by them to said Joe Williams on account of said alleged sales? Answer yes or no." To each of these questions the jury answered that they disagreed.

The answers to other issues indicated that Lipscomb and Harris had given Williams their note for four hundred and eighty dollars on account of this transaction and that it had been fully paid. It will thus be seen that the jury to whom were submitted the material issues of fact in this case failed to find upon one of them, and this failure is necessarily fatal to any judgment whatever as to those parties interested in that issue.

In cases submitted upon special issues, as upon all others submitted for the determination of a jury, the verdict alone constitutes the basis for the court's judgment, at least as to those issues which are submitted for the jury's determination. It is beyond the power of the court to enter a judgment contrary to those findings, even if the evidence is undisputed upon that issue. Ablowich v. Greenville Natl. Bank, 95 Texas, 429. Whether or not the four hundred and eighty dollars paid to Williams was in full settlement of all demands against Lipscomb and Harris was an issue under the pleadings and should have been decided by the jury before the court was authorized to enter any judgment upon it.

This necessarily reverses the case as between defendant in error Harwell and Williams as plaintiffs and plaintiff in error Lipscomb and Harris, but the judgment in favor of defendant in error Harwell against Joe Williams for two hundred and forty dollars (one-half the four hundred and eighty dollars paid by Lipscomb and Harris to Williams) is in no manner disturbed. Reversed and remanded.

*Affirmed in part and reversed and remanded in part.*