INDIANA CO-OP. CANAL CO. et al. v. GRAY. (No. 5602.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 2, 1916. On Motion for Rehearing, March 15, 1916.)

1. TRIAL ⊜⟫357 — VERDICT — SPECIAL FINDINGS—RESPONSIVENESS TO ISSUES.

In an action for injuries to land by water seeping through an embankment of defendants on plaintiff's land, where the court submitted the issue what was the reasonable value of plaintiff's land immediately after the act complained of, the answer, "No immediate market value for agricultural purposes," was not responsive, and was insufficient to sustain judgment on the theory that the value of the land was entirely destroyed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 855; Dec. Dig. ⊜⟫357.]

2. WATERS AND WATER COURSES ⊜⟫178(2)—INJURIES TO LAND—DAMAGES.

The measure of damages for injuries to land by seepage through an embankment of defendants on plaintiff's land is the difference in the market value of the land immediately before and immediately after the injury, but in arriving at the market value the permanency or temporary nature of the damage should be considered.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 255; Dec. Dig. ⊜⟫178(2); Damages, Cent. Dig. § 276½.]

3. WATERS AND WATER COURSES ⊜⟫178(1)—INJURIES TO LAND—ACTIONS—EVIDENCE.

In an action for injuries to land by seepage of water through defendants' embankment, the defendant, in order to show the market value of the land after the water had soaked into it, should be allowed to prove that it had regained its normal state.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 251–254; Dec. Dig. ⊜⟫178(1); Damages, Cent. Dig. § 276½.]

4. WATERS AND WATER COURSES ⊜⟫178(1)—INJURIES TO LAND — DAMAGES — "PERMANENCY."

In determining damages to plaintiff's land from water seeping through defendants' embankment, an injury that lasts for a time only, even though it be several years, cannot be deemed permanent, since "permanency" carries with it the idea of something durable, lasting, that never changes.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 251–254; Dec. Dig. ⊜⟫178(1); Damages, Cent. Dig. § 276½.

For other definitions, see Words and Phrases, First and Second Series, Permanency.]

5. WATERS AND WATER COURSES ⊜⟫179(6)—DAMAGE FROM SEEPAGE—VERDICT—SPECIAL ISSUES—QUESTIONS TO BE SUBMITTED.

In an action for injuries to land by water seeping through defendants' embankment, the jury should, in order to arrive at the permanency of the injuries, have been required to answer as to the condition of the land at the time of the trial or before that time.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 256, 258, 259, 264; Dec. Dig. ⊜⟫179(6); Trial, Cent. Dig. § 858.]

On Motion for Rehearing.

6. JUDGMENT ⊜⟫256(2) — VERDICT — SPECIAL ISSUES—RESPONSIVENESS OF ANSWERS.

It is fundamental error for a judgment to be rendered on an answer of a jury which is not responsive to the issue without which there is no basis for the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 447; Dec. Dig. ⊜⟫256(2).]

7. APPEAL AND ERROR ⊜⟫934(2) — REVIEW — SCOPE AND EXTENT.

In an action for injuries to land by water seeping from defendants' embankment, while the statement of facts might be consulted to sustain the judgment if an issue had not been submitted to the jury whether the value of the land was totally destroyed, this cannot be done where the issue was submitted.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ⊜⟫934(2).]

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Action by Asher W. Gray against the Indiana Co-operative Canal Company and others. From a judgment for plaintiff, certain defendants appeal. Reversed and remanded.

R. B. Creager, Amos Rich, and H. W. Williams, all of Brownsville, for appellants. J. C. George, Ira Webster, and Canales & Dancy, all of Brownsville, for appellee.

FLY, C. J. Appellee sued the Indiana Co-operative Canal Company, E. F. Rowson, E. C. Shireman, and A. C. Swanson for damages in the sum of $4,000, alleged to have arisen by virtue of appellants and A. C. Swanson, who is not a party to this appeal, having negligently constructed this canal so that water escaped through the embankment into and upon the land of appellee and rendered it worthless. The cause was submitted on special issues, and upon the answers thereto, given by the jury, judgment was rendered in favor of appellee against appellants for $2,516.68, and in favor of A. C. Swanson as against appellee.

The evidence indicates that water seeped through appellants' embankment on the land of appellee, and either by some mineral in the water, or the solution and development of mineral contained in the land, the vegetation on the land was destroyed, and it was rendered unfit for immediate agricultural purposes.

[1] In this case appellee recovered the full value of the land on the proposition that the value was totally destroyed. The court submitted the following issue:

"What was the reasonable market value of plaintiff's land immediately after the accomplishment of the act complained of in plaintiff's petition, namely, seeping of plaintiff's land as therein alleged?"

The answer of the jury was not responsive to the question; for, instead of stating that the land had no market value, the evasive answer was given:

"No immediate market value for agricultural purposes."

The land had never been used for agricultural purposes, but was uncultivated land

covered with grass, cactus, and mesquite trees. The question was broad enough to cover the market value for all purposes, as it should have done, but the jury did not answer it, and the answer was not full enough to form the basis for a judgment. The answer did not meet the issue, and it can be clearly inferred from it that the jury believed that the land did have a market value for purposes other than that of agricultural, and even in a short while value for that purpose. There should be a definite, clear answer to such an issue before appellee can be permitted to recover the full value of the land and have the land also. It may be, as said in Railway v. Wallace, 74 Tex. 581, 12 S. W. 227, that the owner of land has the right to have his damages measured by the extent of the injury to the land used for any lawful purpose to which he might desire to appropriate it; still, when the jury was asked to find the market value after the injury was inflicted, the answer should not have fixed the market value by the use that could have been made of the land, but should have found whether the land had any market value, regardless of the purpose to which it might be appropriated. There was evidence to the effect that the land had resumed its pristine vigor, and, if that be true, it would not be a just measure of damages to give appellee the full value of the land. A proper measure of damages should be, and is, one which gives compensation, and it should not be made the means of speculation. It cannot be contended with any degree of propriety that temporary destruction of the fertility of the land should entitle appellee to a recovery for the full value of the land, and in inquiring into the damages weight should be given to facts which tend to show a renewal of the fertility of the land and a return to its normal state. The land might have been rendered for a while utterly unproductive, and have no market value for a time for agricultural purposes, but have a market value for purposes of speculation or other purposes.

[2, 3] It is true, as stated by appellee, that the measure of damages in cases of this character is the difference in the market value of the land immediately before and immediately after the injury, but in arriving at that market value the permanency or temporary nature of the damage should be considered. Suppose for instance land is flooded, but in a few weeks the water disappears, leaving the land as good as it was before the flood; if the fact of the abatement of the water is not considered, but the damage measured by the market value of the land as soon as flooded, a person might be made to pay the full value of the land, and the owner in a few weeks have his land in fine condition. In order to arrive at the market value of the land after the water had soaked into it appellant should have been allowed to prove that the land has regained its normal state. That proof might throw some light on the market value at the time of the injury.

The court recognized the fact that the jury should take into consideration the renewal of the fertility of the land in arriving at the permanency of the damages, for he so instructed them, but, when some of the proof was offered of the fact of the land regaining its fertility, it was excluded by the court. Under the facts proven, the court should not have rendered judgment for the full value of the land.

[4] Undoubtedly it was a serious injury to impair the usefulness of the land for any length of time, but an injury that lasts for a time only, even though it be several years, cannot be deemed permanent, and the court erred in so instructing the jury. Permanency carries with it the idea of something that is durable, lasting, that never changes. An injury to land may be in its nature permanent as distinguished from the injury to the crops on it, but it might as well be said that eternity is a greater lapse of time as to say that a thing is permanent that is cured in a few years.

The fourth and fifth assignments of error are overruled, and the sixth assignment is too general to be considered.

[5] We sustain the seventh and eighth assignments of error for reasons hereinabove given. The jury should, in order to arrive at the permanency of the injuries, have been required to answer as to the condition of the land at the time of the trial, or before that time. The verdict should have been reached by taking into consideration the time for which the injury lasted.

We have considered all errors that are likely to be committed on another trial, and, for the reasons given, the judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

This court has not held, as so emphatically asserted by appellee, that he cannot recover every dollar of damages inflicted upon him by the negligence of appellant, but this court did hold, and reiterates, that he cannot recover for total destruction of the value of his land under a finding that it was only temporarily rendered unfit for agricultural purposes. The answer of the jury was not responsive to the question propounded to them by the court, and no measure of damages can be applied to their answers. If the land had a value for any purpose immediately after the damages were inflicted, that value should be kept in view in arriving at the amount of compensation to be awarded the injured party. This is nothing but common sense and justice. No man should be allowed to recover for the full value of his land, and yet retain the land, which, as in this case, had some value. As is usual in overzealous motions for rehearing, it is asserted that this court has overruled numbers of decisions of other courts, and totally dis-

regarded the former decisions of this court. There is no conflict between the decision of this court and that of any other court in this, or any other state. The evidence tended strongly to show that the value of the land was not totally destroyed, and the jury failed and refused to so find.

[6] It is contended that this court has violated the rules in considering the assignments of appellant, but there is no merit in the contention. It is fundamental error for a judgment to be rendered on the answer of a jury which is not responsive to an issue without which there is no basis for the judgment. The jury evaded an answer to the issue as to what was the value of the land immediately after the alleged injury was inflicted, and there was absolutely no basis upon which to found a judgment for appellee. It is all very well to theorize about the land value being totally destroyed, but the fact remains that the jury failed and refused to so find. The judgment must stand upon the findings of the jury, and not upon theories and hypotheses (however ingeniously and plausibly advanced. If any hardship comes to appellee through the application of the rule that in every case in which damages are sought, compensation, and compensation alone, for injuries can be recovered, it is the rule to which appellee, as others have done before him, must submit. This court is not responsible for the rule, nor is it the author of it, but in justice and good conscience it will enforce it. The rule of compensation is the rule of justice in every damage suit, and all rules must bend to the demands of that rule. Whenever any arbitrary rule stands in the way of the enforcement of the rule of compensation, it must and will be set aside, without fear and without favor.

[7] If the question of whether the value of the land was totally destroyed or not had not been submitted to the jury, the statement of facts might be consulted to sustain the judgment, but it cannot be done in this case, where the issue was submitted. Terrell v. Proctor, 172 S. W. 996.

The motion for rehearing is overruled.