## HADDON v. FINLEY.

### Opinion delivered November 6, 1916.

SALES—AUTOMOBILE—CONDITIONS IMPOSED BY BUYER—BREACH—RE-
SCISSION.—Appellant agreed to purchase an auto truck from appellee,
stipulating that the same be put in a condition satisfactory to the
appellant. *Held,* the jury should be instructed that if they found this
to be the contract of the parties, that the sale was not completed
unless appellee put the car in a condition satisfactory to the appel-
lant, and that, although appellant took the car into his possession,
that he might rescind the contract, if the conditions imposed were
not fulfilled by the appellee.

Appeal from Pulaski Circuit Court, Second Divi-
sion; *Guy Fulk,* Judge; reversed.

*J. F. Wills,* for appellant.

There is evidence on appellant's part that appel-
lant declined to accept the automobile for the reason
that it had not proved satisfactory as guaranteed by
appellee.

If it is assumed that appellant agreed to take the
car in the first instance, there is evidence clearly show-
ing that he rescinded the agreement to purchase the
car, and that appellee accepted the rescission.

The court therefore clearly erred in refusing to
give the instructions requested by appellant based
upon this evidence. Const., Art. 7, § 23; 87 Ark. 243,
280-281; *Id.* 531; 69 Ark. 137; 80 Ark. 454; 80 Ark.
440; 76 Ark. 233; 90 Ark. 247; 98 Ark. 17, 21-22.

SMITH, J. Appellant brought suit upon an account
against appellee, the correctness of which is not dis-
puted; but after admitting the correctness of the
demand against him appellee filed a counterclaim in
which he alleged that he had sold appellant an automo-
bile for $220.00, and he prayed for, and recovered, a
judgment for the excess of his counterclaim over
appellant's demand against him.

In support of his counterclaim appellee testified
that the car was in first-class shape and, after a demon-
stration of it, appellant said it was all right and that
he would take it at the agreed price of $220.00. That

the car was delivered to and accepted by appellant, who commenced to use it, but broke a flywheel, whereupon appellant sent the car to appellee, who is a mechanic, to be repaired, and after keeping the car in his possession for three weeks, during which time he was waiting for the new flywheel to be shipped from the factory, appellee returned the car in good condition to appellant, who then denied he had ever bought it.

Appellant testified that appellee proposed to sell him the car, and he went to the home of appellee to see it. That appellee said he would put a new motor in the car, and make other repairs, which would put it in first-class shape, and that the car would be delivered for trial, and that upon trial the car proved to be worthless, and witness saw appellee and told him he would not keep it, whereupon appellee said, "Very well, the old car fooled me," and appellee took the car away from appellant's place of business.

Other testimony was offered which tended to support appellant's contention that there was no sale and that such trade as was made was rescinded by the return of the car.

Appellant asked a number of instructions, all of which were refused by the court, whereupon the court charged the jury as follows:

"Gentlemen of the jury: This is a suit brought by Haddon against Finley for the collection of an account amounting to eighty-five dollars due on a grocery bill. The defendant does not deny the correctness of the account but claims a set-off and counterclaim in the nature of a purchase price of an automobile. The sole question for you to determine is whether or not Finley sold an automobile to Haddon, and, if you find that he did sell it, why then he would be entitled to set this off against the claim of Haddon; and, if it exceeds the amount sued for he would be entitled to a judgment in his favor for the excess amount. Of course, it is a question of fact there for you to determine whether or not there was a sale; that is all the court sees in the case. .

"Plaintiff contends that there was no sale and Finley contends that he did buy it; that is all there is to it. The burden should be on the defendant, as he claims there wasn't a sale."

Appellant now complains, not of the correctness of the instruction given by the court, but of the court's refusal to give instructions specifically declaring the law applicable to the defenses which he interposed. These were, first, that there was no completed sale, for the reason that the car was not in the satisfactory condition which it was agreed it should be, and that even though there was evidence sufficient to support a finding that a sale had been made, there was also evidence that this sale had been rescinded. As presenting these two issues appellant asked instructions numbered 2 and 7, which read as follows:

"2. You are instructed that if Finley agreed to put the automobile truck in a condition satisfactory to Haddon the contract of sale was not complete until it was put in such satisfactory condition and delivered to and accepted by Haddon in such condition. If it was not put in such condition and delivered to and accepted by Haddon then there was no sale, and your verdict should be in favor of Haddon."

"7. You are instructed that if you believe from the evidence that the defendant, Finley, failed to put the auto truck in the condition as agreed to by him with the plaintiff, then the plaintiff had a right to rescind the contract, even though he took the machine into his possession to ascertain whether or not it fulfilled the warranties of Finley."

We think both of these instructions should have been given as presenting concretely the law applicable to appellant's defenses to the counterclaim, as the instruction given by the court, while containing a correct statement of the law, was not sufficiently specific to present these issues.

In one respect the case is similar to that of *Ward Furniture Mfg. Co.* v. *Isbell*, 81 Ark. 560, in that here, as there, the contract specifications were not mere

warranties, but were conditions precedent and, as such, gave appellant the choice of three remedies as there stated, first, to reject the car, second, to accept the car and bring a cross-action for breach of warranty when sued for the purchase price; or, third, without bringing cross-action after breach of warranty to use the breach by way of reduction or recoupment in the action by the vendor for the price.

Appellant had testified that he had rejected the car for the reason that it did not meet the contract specifications, and if such was the case he had the right to exercise the first of these options and say that no sale had been made.

And we are also of the opinion that instruction numbered 7 should have been given, as appellant had the right to rescind the sale if the jury found from the evidence that a sale was made, if his evidence in regard to the agreement was true.

For the error indicated the judgment will be reversed and the cause remanded for a new trial.