MANES v. J. I. CASE THRESHING MACH. CO. (No. 844.)

(Court of Civil Appeals of Texas. El Paso. May 9, 1918. Rehearing Denied June 6, 1918.)

1. JUDGMENT ⬅256(2)—SPECIAL FINDINGS—INCONSISTENCE.

Where the special issues submitted, together with the answers of the jury thereto, authorize a verdict for either party, such verdict is too contradictory to be the basis of a judgment.

2. TRIAL ⬅350(2)—SPECIAL ISSUES—INTERMINGLING OF ISSUES—CONFUSING JURY.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, requiring special issues to be submitted distinctly and separately and without being intermingled, so that each may be answered separately, the trial court should submit questions upon controlling issues only and should avoid propounding questions calling simply for finding of an evidentiary fact, since the propounding of many questions is likely to confuse the jury.

3. NEW TRIAL ⬅44(3)—GROUNDS—MISCONDUCT OF JURY—CONSIDERATION OF MATTERS NOT IN EVIDENCE.

In suit to recover money paid for an automobile because not as warranted, where one juryman, after the jury had retired to consider their verdict, said he had an engine of similar make, detailed his experiences with it, showing great familiarity with automobiles, and stated that, if the car had been defective as charged, it could not have been driven from the distributing point to another place, and his statements caused a majority of jurors, previously of opinion favorable to plaintiff, to render verdict for defendant, new trial should have been granted.

4. SALES ⬅126(1)—RESCISSION FOR FRAUD OR BREACH OF WARRANTY.

The right of rescission of a sale contract for fraud or breach of warranty must be exercised promptly and notice thereof adhered to, and if after knowledge of breach the purchaser continues to deal with the property, he thereby affirms the contract.

Appeal from District Court, Coleman County; Jno. W. Goodwin, Judge.

Action by O. B. Manes against the J. I. Case Threshing Machine Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Snodgrass, Dibrell & Snodgrass, of Coleman, for appellant. Spence, Haven & Smithdeal, of Dallas, for appellee.

HARPER, C. J. Appellant brought this suit against appellee to rescind a contract, to recover money paid, and to cancel notes executed for the unpaid purchase money on an automobile, alleging, as applicable to the points urged here, that Joe Evans, being the duly authorized agent of appellee, made false and fraudulent representations to appellant, which induced him to execute the contract, to the effect that the car was to be a perfect car; that the engine would develop 40 to 50 horse power; that it would go up the brickyard hill in high gear at a speed of 8 to 10 miles an hour; that it would consume but a gallon of gasoline in running 15 to 18 miles per hour; and that but for such misrepresentations he would not have executed the contract; that the car was warranted for 90 days from delivery, limited to replacement in the factory of all parts giving out under normal service, in consequence of defects of material or workmanship, etc.; that the machine developed defects both in material and workmanship; that appellee was so notified as provided in the contract; that the car was delivered to appellee's agent, who accepted the car and took possession; that, if he was mistaken in the latter, then he tendered same in this suit, etc.

Appellee replied by general and special demurrers, general denial, and specially that J. W. Evans & Company (in which Joe Evans, the alleged agent, was a partner), merchants at Coleman, were independent dealers, under contract with appellee which limited them to take written orders for automobiles upon blanks furnished, to be sent to appellee for acceptance or rejection, with no authority to make any other contract or warranty than that contained in the blanks so furnished; that it contained the stipulation, "The company is not responsible to the purchaser for any promises or warranties made by their representatives beyond those expressed herein;" that appellant on February 25, 1915, executed his order for the automobile as above indicated; that he obtained it pursuant thereto; that, notwithstanding the contract provided for notice to the company of defects within 90 days from date of delivery, he applied the machine to his own use until November, 1915, without

notice of any defects, etc.; therefore he had no right to rescind.

Tried with a jury submitted by special issues, and upon the verdict judgment was entered for defendant, from which it is here for review.

We have the anomalous situation of the trial court having submitted to the jury, of his own and specials for the parties, 36 special issues, with the simple issue before the court: Is plaintiff entitled to have his contract of purchase canceled, recover the cash paid on it, and to have the notes executed for unpaid purchase money canceled, because the automobile did not meet the written and verbal guaranties?

[1] Each party to this appeal has so logically argued that the questions and answers authorize a verdict for it that we are convinced that both are right. Of course, it follows that such a verdict is too contradictory to be the basis of a judgment. Railway Co. v. Walsh, 183 S. W. 18; Canal Co. v. Gray, 184 S. W. 242.

[2] The statute (article 1984a) requires special issues to be submitted "distinctly and separately, and without being intermingled with each other, so that each issue may be answered by the jury separately." This has not been done in this case. Telephone Co. v. Andrews, 169 S. W. 218. In this connection we suggest that trial courts should only submit questions, the answers to which will be a finding by the jury upon controlling issues in the case, and should avoid propounding questions which simply call for finding of an evidentiary fact, as so many of the questions submitted in this case do, for they are of no value in aiding the court to enter its judgment, and are very likely to confuse the minds of the jury.

[3] Again, we have concluded that the case must be remanded for a new trial because of matters which occurred in the jury room after they received the charge and retired to consider their verdict. The jurors, upon examination before the court upon hearing the motion for new trial, testified (uncontradicted) that one juryman said he had a Case gasoline engine, and detailed at length his experiences with it, and by his statements shows that he had had a great deal of experience with automobiles; that, if the car in question had been defective as charged when it reached Dallas, it could not have been driven to Coleman, etc.; that prior to these statements, all of which are not detailed, a majority of the jury were of the opinion that the car did not meet the guaranty, etc., and each of the jurymen testified that these statements caused them to change their minds, and render the verdict they did in several particulars.

Bearing in mind that plaintiff's case is based upon the proposition that he had ordered an automobile of a certain quality, guaranteed in writing and verbally to do certain things, etc., and that, if defects should develop within 90 days, the defendant was to correct them, etc., these statements from a man who by experience was qualified to give an opinion of great weight were in effect original evidence received by the jury after they had retired, and since some of the jurymen testify that it did have effect in causing them to change their minds and in agreeing to the answers to some of the questions, and these being the questions and answers upon which the trial court evidently entered judgment for defendant, the trial court should have granted a new trial. Hobrecht v. Railway Co., 141 S. W. 579; Pridgen v. Cook, 184 S. W. 713.

[4] In view of another trial, we will make the following comment upon the following counter propositions of appellee:

"The right of rescission on account of fraud or breach of warranty must be exercised promptly. Notice must be given promptly and adhered to, and if after knowledge of the breach the purchaser continues to deal with the property, he thereby affirms the contract."

These are well-settled principles of law, and, when applicable to the facts of the case as determined by the court or jury, must govern the disposition of the case, but the facts of this record are not such as that they may properly be determined in favor of appellee as a matter of law, but are questions for the jury under proper instructions from the court. Threshing Machine Co. v. Rachal, 194 S. W. 418; Avery Co. v. Staples Merc. Co., 183 S. W. 43; Haddon v. Finley, 125 Ark. 529, 189 S. W. 353.

For the reasons given, the cause is reversed, and remanded for new trial.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.