DARK v. INDIANA SILO CO. OF TEXAS. (No. 857.)

(Court of Civil Appeals of Texas. El Paso. May 16, 1918.)

1. TRIAL ☞350(2)—SUBMISSION OF ISSUES—EVIDENTIARY ISSUES.

The refusal to submit requested issues which were evidentiary,' not ultimate, issues and not controlling was not error.

2. TRIAL ☞253(5) — IGNORING ISSUES — GUARANTY.

In a suit to recover on notes given in purchase of a silo, it was not error to submit to the jury the question whether the silo complied with the written guaranty, ignoring a verbal guaranty relied on by defendant, where there was no material difference between the two guaranties.

Error to Coke County Court; D. I. Durham, Judge.

Suit by the Indiana Silo Company of Texas against G. W. Dark. Judgment for plaintiff, and defendant brings error. Affirmed.

Blanks, Collins & Jackson and E. E. Murphy, all of San Angelo, for plaintiff in error. Arnold & Patterson, of Robert Lee, for defendant in error.

HIGGINS, J. Defendant in error sued Dark upon the latter's notes given to cover the purchase price of a silo sold to Dark by an agent of defendant in error. Dark defended upon the ground that he purchased the silo under a guaranty that it would keep and hold ensilage for 20 years, and that it failed to comply with the guaranty. The case was tried before a jury upon special issues, and upon the answers returned judgment was rendered for the amount sued for. In response to the issues submitted, the jury in effect found that the silo was reasonably fit for the holding and curing of ensilage, and complied with the guaranty set up by Dark.

[1] The first assigned error complains of the refusal to submit a number of issues requested by defendant. In this there was no error, as the issues so requested were evidentiary and not ultimate issues. If the same had been submitted, the answers made thereto would not have been controlling.

[2] It is next complained of the court's charge upon the ground that it submitted to the jury the question of whether or not the silo complied with a written guaranty given by the silo company, and ignored the verbal guaranty relied upon by Dark. There are two complete answers to this. In the first place, the evidence in this case is insufficient to authorize Dark to rely upon the verbal guaranty instead of the written guaranty. It fails to show any fraud, accident, or mistake which would relieve Dark from the terms of the written contract which he signed, and which expressly stated that the silo was guaranteed according to the current catalogue. A copy of this catalogue Dark admitted he received. In the second place, there was no material difference in the guaranty contained in the catalogue and in the verbal guaranty which Dark testified the silo company agent made when the silo was purchased.

There is no merit in the third and last assignment. Upon the finding of the jury, judgment was properly rendered against Dark.

Affirmed.

HARPER, C. J., concurs. WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.