WARREN *v.* RUSSELL.

Opinion delivered April 26, 1920.

1. SALES—SALE ON APPROVAL.—Where goods are sold on trial or approval, or if satisfactory to the buyer, the contract is executory, and title does not pass until the buyer has expressly or impliedly manifested his approval or acceptance.

2. SALES—DISTINCTION BETWEEN "OPTION TO PURCHASE" AND "OPTION TO RETURN PURCHASE."—An option to purchase if the buyer likes the property is essentially different from an option to return a purchase if he should not like it; in the first case the title does not pass until the option is determined, but in the other the property passes at once subject to the right to rescind and return.

3. SALES—APPROVAL SALE—EFFECT.—Where a horse was sold on approval, one who purchased the horse from the buyer before the horse was accepted acquired no title.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

*John E. Miller* and *C. E. Yingling,* for appellants.

The court erred in its instructions, and especially in its peremptory instruction as to Warren, as the jury should have been allowed to pass on the question as to whether Doyle sold the horse to Morton and thus voluntarily parted with his title, or whether he reserved the title in himself.

*Brundidge & Neelly,* for appellee.

HART, J. H. D. Russell, as executor of the estate of D. M. Doyle, deceased, brought this suit against J. D. Morton and W. A. Warren to recover a certain horse, or its value.

This is the second appeal in the case. *Russell v. Warren,* 192 S. W. 190*. In the opinion on the former appeal it was held that there was sufficient evidence to go to the jury on the question of whether the sale of the horse was an absolute one, or whether it was a sale on the approval of the buyer.

On the retrial of the case several witnesses for the plaintiff testified that D. M. Doyle in his lifetime made an agreement with Earl Morton, a minor son of J. D. Morton, to sell him a horse on approval. The understanding was that young Morton should take the horse and try him and if the horse suited him he was to buy him and give Doyle his note with approved security. It was further understood that if the horse did not suit him he was to return it to Doyle. In a few days thereafter Doyle was killed and Morton did not return the horse to him.

D. M. Morton testified that he had emanicipated Earl Morton, his minor son, and that he had nothing whatever to do with the purchase of the horse. Subsequently the

*Opinion on former appeal was omitted from the official reports, as merely deciding that there was evidence to go to the jury.—(Rep.)

horse was traded by Earl Morton, or his father, to W. A. Warren.

A sale on trial or approval is in the nature of an option to purchase the goods if they prove to be satisfactory, and its operation as regards the transfer of title is to be distinguished from what is commonly known as a sale or return. Where goods are sold on trial or approval, or if satisfactory to the buyer, the contract is executory, and the title to the property in the goods does not pass until the buyer has expressly or impliedly manifested his approval or acceptance. *Haddon* v. *Finley*, 125 Ark. 529; *Hunt* v. *Wyman*, 100 Mass. 198; 35 Cyc. 289 and cases cited; Mechem on Sales, vol. 1, secs. 657-659, and 24 R. C. L., p. 39.

The court instructed the jury in accordance with the principles of law just announced, and the testimony of the plaintiff was legally sufficient to warrant the verdict.

It is contended, however, by counsel for the defendant, that the instruction given by the court, as far as the defendant Warren was concerned, was in its nature peremptory, and for this reason the judgment should be reversed. We cannot agree with counsel in this contention. The instruction complained of was an oral one in which the court submitted to the jury the question of whether or not the sale of the horse was an absolute one, or whether it was a sale on trial or approval. We do not deem it necessary to set out the instruction. It is sufficient to say that this question was submitted to the jury in accordance with the principles of law above laid down. The effect of the instruction was to tell the jury that, in the event it found that the sale was on trial, the title to the property did not pass, and that it was the duty of the jury to find for the plaintiff against the defendant, Warren. An option to purchase, if the buyer likes the property, is essentially different from an option to return a purchase if he should not like it. In the first case the title does not pass until the option is determined; in the other the property passes at once, subject to the right to rescind and return.

In the present case there was no testimony tending to show that the buyer offered to return the horse, or that the seller waived his right to treat the sale as executory and to declare it an absolute one. The only disputed question of fact in the case was whether or not the sale of the horse was an absolute one, or a sale on trial. If the testimony for the plaintiff was true, and it was practically undisputed, the title to the horse did not pass out of Doyle to Earl Morton, and Warren, who traded for the horse, acquired no other or greater title than Morton.

It follows that the judgment must be affirmed.