**FORD v. HONSE.    (No. 6457.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 23, 1920. Rehearing Denied Dec. 16, 1920.)

**I. Fraudulent conveyances ⊚⇒271 (½)—Burden of proof stated.**

In cases of fraudulent sales the first step for the creditor is to show it was the purpose and intent of the insolvent debtor to place his property beyond the reach of his creditors, and, this having been done, the purchaser must show he has paid value, whereupon the burden again shifts to the creditor to show that the purchaser had notice of the fraudulent purpose and intent of the insolvent debtor.

**2. Fraudulent conveyances ⊚⇒82—Delivery of negotiable notes payment of value by purchaser.**

A purchaser of property alleged to have been conveyed to defraud creditors can show that he has paid value by showing the execution and delivery of negotiable notes in payment for the property.

**3. Trial ⊚⇒356(I)—Court cannot render judgment, where jury failed to answer material question.**

It is error to render a judgment on a verdict wherein the jury failed to return an answer to a material question submitted.

**4. Trial ⊚⇒356(I)—Court cannot make finding on issue submitted to jury, but unanswered.**

Court, having submitted issue of notice of fraudulent conveyance, a material issue by virtue of Rev. St. 1911, art. 3966, could not himself make a finding thereon (article 1985, Vernon's Sayles' Ann. Civ. St. 1914), because the jury did not answer it, having no right to submit his judgment for that of the jury on an unanswered question.

**5. Fraudulent conveyances ⊚⇒158(2)—Notice of pending action of debt against grantor not notice to grantee of intended fraud.**

Notice that an action of debt was pending in county court against seller of land was not sufficient of itself to charge purchaser with notice of an intent on the part of the seller to defraud creditors.

Appeal from District Court, Kleberg County; W. B. Hopkins, Judge.

Suit by Frank Honse against C. N. Ford and others. Judgment for plaintiff, and the named defendant appeals. Reversed and remanded.

Kleberg, Stayton & North and John S. McCampbell, all of Corpus Christi, for appellant.

T. Wesley Hook, of San Antonio, for appellee.

COBBS, J.    This suit was brought in the district court of Kleberg county by Frank Honse against Sam Smith and C. N. Ford, in trespass to try title to certain property in Kleberg county, and further seeking to set aside a warranty deed with vendor's lien to said property from Sam Smith to C. N. Ford, alleged to have been conveyed with intent to hinder, delay, or defraud him, Frank Honse, and charging C. N. Ford with knowledge of such intent. Ford, in his first amended original answer, interposed a general demurrer, general denial, and plea of not guilty. It was

alleged that the residence of Sam Smith was unknown, and he was made a party by publication. The court appointed C. H. Reese, a member of the bar, to represent his interest. After pleading not guilty, he undertook a foreclosure of the vendor's lien notes against all the parties. The evidence showed that the consideration for the conveyance from Smith to Ford consisted of negotiable promissory notes.

The case was submitted to the jury upon these special issues, viz.: (1) Whether Smith by the conveyance intended to defraud his creditors, etc.; (2) whether Ford had notice of the fraud; and (3) whether the notes given by Ford were negotiable. The jury found that Smith intended to defraud, and that the notes given by Ford were negotiable, but failed to agree on an answer to question (2), as to whether Ford had notice of the fraud. There was evidence showing that appellant had no notice of the fraud, though from certain facts appellee sought, by inferences, to deduce fraud.

Some of the concrete facts are: On July 19, 1915, Sam Smith, by warranty deed with vendor's lien (ordinary form), conveyed certain real property to C. N. Ford, which was filed for record on same day and recorded on the 20th day of July, 1915, in Kleberg County Deed Records, Book 5, page 201. In the county court of Kleberg county Frank Honse filed suit, and on August 7, 1915, recovered a default judgment against Sam Smith upon an ordinary money demand, not involving this property. Execution on this judgment was issued on September 10, 1915, but no levy made, and on May 7, 1919, a second execution was issued. and the property heretofore conveyed by Sam Smith to C. N. Ford on July 19, 1915, was levied upon as the property of Sam Smith, and by the sheriff's return was sold to Frank Honse on June 3, 1919, for $100.

Upon this record the appellant, by proper assignments, challenged the action of the court in entering judgment upon the findings of the jury upon but two of the questions propounded; the second question not having been answered, which is:

"Did C. N. Ford, when he took the deed from Sam Smith, have notice that Sam Smith was executing that deed with intent to hinder, delay, or defraud his creditor, Frank Honse? Answer 'Yes' or 'No.'"

In construing article 3966, R. S., which says:

" * * * Shall not affect the title of a purchaser, for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor"

—the Supreme Court, in Tillman v. Heller, 78 Tex. 597, 14 S. W. 700, 11 L. R. A. 628, 22 Am. St. Rep. 77, said:

"(1) The creditor, in order to defeat the conveyance, is bound to show the fraudulent intent. (2) When such intent is shown, the purchaser, in order to sustain the transaction, must show that he has paid value. (3) This being shown, the burden again shifts, and the creditor, in order to prevail in the action, must prove that at the time of payment the purchaser had notice of the fraud."

How is it possible to charge a purchaser with the fraud of his vendor without some kind of notice? In this case the issue was submitted to the jury, and they found the notes were given in payment of the land and were negotiable. This was equivalent to the payment of so much cash, and placed him in the category of a purchaser for value. Dodd v. Gaines, 82 Tex. 429, 18 S. W. 618; Cameron v. Romele, 53 Tex. 244; Ligon v. Tilman, 43 S. W. 1069; Hadock v. Hill, 75 Tex. 193, 12 S. W. 974.

[1, 2] In cases of fraudulent sales the first step of course for the creditor is to show it was the purpose and intent of the insolvent debtor to place his property beyond the reach of his creditors. This appellee has met by the finding of the jury. When this is done, the purchaser must be heard, and to hold the property against the creditors he must show he has paid value. This has been shown by the execution and delivery of the notes. One more step must be taken to set aside the sale on the ground of fraud; the burden here was on appellee, and that was to show that appellant had that notice.

The trial court had the proper view when it so well submitted that definite and specific issue as to notice. It would have been error not to submit it in some form in this case, and, having properly submitted it, it was error not to require a finding of the jury thereupon.

[3, 4] The right to have all material issues of fact disposed of by the jury is inviolable. The court cannot legally deny that right without committing error. As it is a fundamental error to render a judgment on an answer of the jury not responsive to a question (Indiana Co-op. Canal Co. et al. v. Gray, 184 S. W. 242), so is it error to render a judgment on the verdict of the jury, wherein they fail to return an answer to a material question submitted. And the court, having submitted this issue, could not himself make a finding thereon. Benton v. Jones, 220 S. W. 193.

In order to render a judgment on the several issues submitted to the jury, there must be an answer to each material one. The court had no right to submit his judgment for that of the jury on an unanswered question, so as to render a judgment, notwithstanding their failure to answer. Lipscomb v. Harwell, 62 Tex. Civ. App. 490, 132 S. W. 867; Ablowich v. Greenville Nat. Bank, 95 Tex. 429, 67 S. W. 79, 881; Indiana Co-op. Co. et al. v. Gray, 184 S. W. 242; Benton v.

Jones, 220 S. W. 193; article 3966, Revised Statutes; Tillman v. Heller, 78 Tex. 597, 14 S. W. 700, 11 L. R. A. 628, 22 Am. St. Rep. 77.

[5] The contention of appellee, when appellant made the purchase, he knew that an action of debt was pending in the county court against the seller, is without merit, unless he had gone further. What if he did? That was not sufficient of itself to charge him with notice of the intended fraud, if any, but is another argument going to show the necessity of having a finding from the jury on the subject.

We sustain the first assignment. We have examined the cross-assignments, and, finding no merit, we overrule them.

For the reasons given, the judgment of the trial court is reversed, and the cause remanded for a new trial.