### WILLIAMS v. ZANG. (No. 9324.)*

(Court of Civil Appeals of Texas. Dallas. Feb. 14, 1925. Rehearing Denied .March 28, 1925.)

1. **Municipal corporations ⬅706(9)—Special finding held not in irreconcilable conflict with finding acquitting defendant of negligence.**

Answer to special issue, to effect that failure of defendant to yield right of way to vehicle in which plaintiff was riding proximately contributed to collision and plaintiff's injuries, not being finding of negligence but of evidentiary facts, *held* not in irreconcilable conflict with findings in which jury acquitted defendant of negligence.

2. **Trial ⬅350(2)—Special issues requiring jury to find evidentiary facts should not be submitted.**

Special issues which require jury to find evidentiary facts should not be submitted.

3. **Trial ⬅350(1)—What are "issues of fact" required to be submitted to jury stated.**

"Issues of fact," required by Rev. St. art. 1970, are those that determine liability on one hand and grounds of defense on the other.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Issue of Fact.]

4. **Municipal corporations ⬅706(9)—Finding on issue unauthorized by pleadings disregarded.**

Where plaintiff sought to recover alone on alleged negligence of defendant in automobile collision, findings of jury acquitting defendant of negligence were not in conflict with answer to special issue finding that failure of defendant to use ordinary care, concurring with like failure by driver of plaintiff's vehicle, proximately contributed to collision; latter issue not being authorized by pleadings.

5. **Trial ⬅357—Findings of jury, though supported by evidence, disregarded unless they conform to pleadings.**

It is fundamental rule and rule of Rev. St. art. 1994, that findings of jury, unless they conform to pleadings, will be disregarded.

Appeal from District Court, Dallas County; Royal R. Watkins, Judge.

---

Action by R. F. Williams against Mrs. A. M. Zang. Judgment for defendant, and plaintiff appeals. Affirmed.

John White and M. M. Parks, both of Dallas, for appellant.

Thomas, Frank, Milam & Touchston, of Dallas, for appellee.

LOONEY, J. This is an appeal by R. F. Williams from a judgment against him in an action for damages against Mrs. A. M. Zang. Appellant sued to recover damages from appellee for personal injuries alleged to have been occasioned by reason of her negligence in driving a motor vehicle against, and colliding with, a motor vehicle in which he was at the time a passenger. The answer of appellee included a general denial and a special plea, to the effect that the collision of the cars and the injuries to appellant were proximately caused by the negligence of one Pat O'Reilly, the driver of the car in which appellant was riding. O'Reilly was interpleaded by appellee and judgment sought against him in the event judgment was rendered against her. O'Reilly answered the cross-action against him by general denial, and specially alleged that the collision and injuries to appellant were the direct and proximate result of the negligence of appellee, and in his plea adopted, and made his own, the allegations of negligence pleaded by appellant against appellee. The case was submitted to a jury on special issues and, on their verdict, judgment was rendered for appellee.

There is no statement of facts in the record. In response to the material issues submitted by the court the jury found that, while appellee was guilty of negligence as alleged by appellant, the same was not the proximate cause of the collision and injuries to him, but that the negligence of O'Reilly was the proximate cause of these results. These findings of the jury determined the material issues of fact in favor of appellee and justified the judgment rendered by the court, unless they conflict with others made by the jury in answer to issues submitted on request. These will now be noticed.

[1, 2] Appellant contends that the judgment should be reversed and the cause remanded, because the answer of the jury to special issue No. 3, requested by appellant, which was to the effect that the failure of appellee to yield the right of way to the vehicle in which appellant was riding proximately contributed to the collision and injuries, and that the same is in irreconcilable conflict with the findings in which the jury acquitted appellee of actionable negligence. The answer of the jury to special issue No. 3 did not involve a finding of negligence, and, in our opinion, is not in conflict with any other finding made by them. This special issue required the jury to find evidentiary facts, and should not have been given.

The habit of trial courts in requiring juries to answer as to the existence of evidentiary facts has been repeatedly condemned by the courts.

[3] The "issues of fact" that are required by law to be submitted to the jury (Revised Statutes, art. 1970) are those that determine liability on the one hand and grounds of defense on the other. The statute neither requires nor contemplates that facts of an evidentiary nature, although they may have some bearing on the controlling issues, shall be submitted.

The distinction between the issues of fact that should be submitted and mere evidentiary issues that should not be submitted is aptly stated by Judge Higgins, in Kansas City, etc., Ry. Co. v. Estes (Tex. Civ. App.) 203 S. W. 1159, in the following language:

"In submitting cases upon special issues the court should submit the ultimate controlling issues of fact, and not confuse the jury by requiring them to answer a mass of minor and evidentiary issues."

The phrase, "issues of fact," as used in the statute, was defined by the Commission of Appeals in Texas City, etc., Co. v. Winters (Tex. Com. App.) 222 S. W. 542, as follows:

"By the expression 'issues of fact' is not meant the various controverted specific facts which may enter into the main issues of fact, but only the independent ultimate facts which go to make up plaintiff's cause of action and defendant's ground of defense." Manes v. Case, etc. (Tex. Civ. App.) 204 S. W. 235; Dark v. Ind. Silo Co. (Tex. Civ. App.) 204 S. W. 245.

As we find no conflict between these answers, this contention of appellant is overruled.

[4] Appellant makes the further contention that the findings of the jury in which they acquitted appellee of actionable negligence are in conflict with their answer to special issue No. 8, submitted at the request of Pat O'Reilly, wherein the jury found that the failure of appellee to use ordinary care on the occasion in question, concurring with a like failure to use ordinary care on the part of Pat O'Reilly proximately contributed to produce the collision. The submission of question No. 8 was based on an issue not made by the pleadings. Appellant sought to recover alone on the alleged negligence of appellee, and not on the ground that her negligence concurred with that of Pat O'Reilly. This special issue was, in our opinion, unauthorized by the pleadings. The answer of the jury therefore is an extraneous matter that must be disregarded.

[5] It is not only statutory in this state, but otherwise and everywhere a fundamental rule, that findings of the jury, although supported by evidence, will be disregarded unless they conform to the pleadings. Revised Statutes, art. 1994; Waller v. Liles, 96

Tex. 24, 70 S. W. 17; S. A. & A. P. Ry. Co. v. Addison, 96 Tex. 64, 70 S. W. 200; Rich and Wife v. Western Union Tel. Co., 101 Tex. 470, 108 S. W. 1152.

The latter contention of appellant is also overruled.

After carefully considering all assignments of error and propositions, we find no reversible error. The case is therefore affirmed.

Affirmed.