**ABBOTT v. ESTES et al.**

No. 13426.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 9, 1936.

Rehearing Denied Dec. 11, 1936.

W. D. Hollars, of Vernon, for appellant.

Bert King, of Wichita Falls, for appellees.

SPEER, Justice.

In this case W. B. Abbott sued Real Estate Trust, and A. C. Estes, James M. Williams, and John W. Thomas, doing business in that trade-name, for debt growing out of alleged commissions due him as a real estate broker under employment by A. C. Estes to sell certain real estate in Vernon, Tex., upon a promise to pay 5 per cent. commission on the purchase price for which he should sell the property. Plaintiff pleaded in the alternative that, if it should be found by the court that the contract of employment to pay the commission named had been changed so that he should only receive 2 per cent. on such sales, then and in that event the agreement to reduce the commission from 5 to 2 per cent. was based upon the consideration that, in addition to the 2 per cent. commission, he was to receive a salary of $35 per month from defendants to collect rentals and care for its property in Vernon, Tex. He prayed for judgment first for $852.33 as earned commissions at 5 per cent., plus $87.75 for moneys expended by him for the care of property, and for $43.-46 as earned insurance premiums on the property, paid by him, and admits there is a proper credit which should be allowed on these items in the sum of $320.

Plaintiff prayed in the alternative that, if he be not allowed to recover the $852.33, then he asked that he recover the sum of $1,365 as accumulated and unpaid salary at $35 per month for the period of time mentioned in his petition.

The Real Estate Trust answered by general demurrer and several special exceptions which do not appear to have been acted upon by the court. Defendant's fourth "exception" to that part of plaintiff's petition claiming a contract by which he was to be paid $35 per month salary simply states that "same is insufficient to constitute a cause of action with regard thereto." We think this constituted no more than a general demurrer. The de-

fendant further answered by general denial and specially (a) that the Real Estate Trust gave A. C. Estes a special listing of its property for sale and promised to pay him 5 per cent. commission on sales made; (b) that the said Estes contracted with plaintiff as subagent to sell said property on a basis of 2 per cent. commission on sales made by him; (c) that the trust had formerly promised to pay to plaintiff a salary of $35 per month, the agreement to run by the month, but that on about June 1, 1934, the contract was mutually rescinded and plaintiff was to receive 10 per cent. of rentals collected by him as a commission for those services, and that all said commissions had been paid to and accepted by plaintiff; and (d) that plaintiff was short about $303.45 in his remittances of rentals collected and belonging to defendant and was indebted to it in that sum.

The defendant further pleaded that, prior to any of the transactions between the parties, the plaintiff gave to it his bond guarantying the prompt remittance to it of all funds to which it was entitled, and that the Employers Liability Assurance Corporation guaranteed the performance of that contract. It asked that the above-named corporation be made a cross defendant and prayed that plaintiff take nothing by his suit and that it have judgment against him and Employers Liability Assurance Corporation for the amount shown to be due and owing by plaintiff to the defendant.

The plaintiff filed what he termed a trial amendment in lieu of that part of his petition in which he had alternatively pleaded a salary contract, showing that on about June 1st, 1934, he did agree to reduce his commissions on sales from 5 to 2 per cent. in consideration that the defendant would pay him $35 per month to care for its property in Vernon, Tex., until all was sold, and that no payment had been made to him since about October 1, 1934; that he had endeavored to procure work and earn money but had failed through no fault of his own and that plaintiff owed him the amount sued for.

The cross defendant, Employers Liability Assurance Corporation, answered with a general denial and plea over against the plaintiff for judgment for any sum it should be required by the court to pay under defendant's cross-action.

There is no serious conflict in the testimony of all parties as we see it, affecting the judgment rendered by the court.

There is an agreement in the record showing cross defendant, Employers Liability Assurance Corporation, had given its fidelity bond guaranteeing the performance of the contract of payment by plaintiff to defendant of all funds due and owing to it.

■ Defendant's exception to plaintiff's allegations of his right to recover the $35 salary as before shown was in the nature of a general demurrer and we are in doubt if it should have been sustained even though it had been urged, but certainly if a proper exception to the plea had been presented it would have been sustained. Yet the defendant was not bound to present such an exception if it thought it unnecessary. If a special exception had been urged to the effect that no allegation was made as to whether the contract was oral or in writing, the plaintiff would have doubtless been required to meet it, and had he by amendment shown the contract was oral and was to run so long as defendant owned property in Vernon, this would not necessarily have disclosed it was for a term of more than one year, and this may have been what prompted counsel not to present and procure a ruling on its exception. The defendant's general denial was sufficient to put in issue all affirmative pleadings made by plaintiff. Texas Jurisprudence, vol. 33, p. 666, § 208, and authorities there cited.

The defendant specially pleaded in effect that the original contract by which plaintiff claimed he was to receive 5 per cent. commissions on sales had been by mutual agreement terminated and a new trade made by which he was to receive from A. C. Estes 2 per cent. commission on sales made and 10 per cent. on all collections of rentals.

During the progress of the trial plaintiff was testifying to matters in an effort to support his alternative plea that in consideration of the change of the contract from 5 to 2 per cent. on sales, and that A. C. Estes had told him that he (Estes) had been taken off of a salary and was on a commission basis himself and that he could only receive 5 per cent. commission on sales and wanted plaintiff to agree to accept 2 per cent. as his subagent, which he agreed to do, and that Estes agreed if he would do so he should receive in addition thereto $35 per month for caring for rental properties so long as Real Estate Trust owned property in Vernon, and that it would take perhaps two and a half years.

to dispose of the property then on hand. Upon the development of this last fact, objection was made to all testimony offered as to the contract for $35 per month upon the grounds that such a contract was in violation of the statute of frauds; which objection was sustained by the court, and it was all excluded. With this ruling of the court plaintiff was without evidence throughout the trial on this alternative plea in his suit.

The case was submitted to the jury on special issues, the first one of which was as follows: "Do you find from a preponderance of the evidence that A. C. Estes as agent for Real Estate Trust agreed with plaintiff that if plaintiff would agree to reduce his commission on sales of properties through the HOLC from 5% to 2% he would continue to pay plaintiff $35.00 per month for tending rent property in Vernon, Texas, as long as the Real Estate Trust continued to own any such properties. Answer yes or no." This issue was not answered by the jury.

Much of the record is taken up with testimony covering many items of expense incurred by plaintiff, alleged to have been at the instance and request of Real Estate Trust in caring for and making sales of its properties, and all other issues than the first one, covered these items. The answers to some of the issues found that certain items of expense incurred by plaintiff were at the request of defendants, while others found the expense was unauthorized.

Judgment was rendered to the effect that plaintiff should recover $70.14, made up of items found by the jury to be proper expenditures made by plaintiff and authorized by defendants, and also including an item of $13.10, being the difference in commissions earned while plaintiff was operating under his 5 per cent. commission contract and while under the revised contract of 2 per cent., which difference was guaranteed by defendants. The court further found plaintiff had not pleaded and proved anything entitling him to a recovery on the alternative salary plea of $35 per month so long as defendants owned property in Vernon, Tex.; and that since plaintiff had admitted he was short in his remittances to defendants in the sum of $290 for rentals collected by him, $70.14 was deducted from the $290, leaving a balance of $219.86, for which amount the court rendered judgment in favor of defendant on its cross-action against plaintiff and Employers Lia-

bility Assurance Corporation, jointly and severally. The court also rendered judgment for same amount in favor of Employers Liability Assurance Corporation on its cross-action against plaintiff. The plaintiff moved for new trial, the motion was overruled, and he has appealed to this court.

All assignments of error presented by plaintiff are based upon the action of the court in rendering judgment on the verdict of the jury when the first special issue was not answered.

■ After all testimony offered by plaintiff to sustain his right of recovery under his alternative plea on salary account had been excluded by the court, it is difficult for us to determine why the first special issue was submitted. If it had been answered favorable to plaintiff, and judgment in his favor had been rendered upon it, and appealed to us, we would have been compelled to find it was not supported by the evidence; but, even though it was submitted and not answered, with judgment rendered on answers to proper issues supported by evidence, we hold there was no reversible error committed.

Appellant cites us to cases of Ford v. Honse (Tex.Civ.App.) 225 S.W. 860; Indiana Canal Co. v. Gray (Tex.Civ.App.) 184 S.W. 242; Benton v. Jones (Tex.Civ. App.) 220 S.W. 193, which hold it to be reversible error to render judgment when material issues are not answered; they might well have also cited Rev.Civ.Statutes, art. 2190 (amended by Acts 1931, c. 78, § 1, Vernon's Ann.Civ.St. art. 2190), which also requires all material issues to be submitted, meaning also that they must be answered. But we do not consider the rule laid down there as applicable to the case before us. From what we have said it will be observed we do not consider the first issue submitted a material one. In fact it was improperly submitted, there being no contested question of fact involved in it. The finding of the court that there was no sufficient pleading upon which to base the issue was surplusage, but certainly there was no evidence to support it. As best we can understand the pleadings, they were sufficient in the absence of proper special exceptions demanding that they be made more specific. Other issues submitted and answered were sufficient and pertinent to the judgment rendered.

■ Appellant incidentally complains in one assignment that the court refused to

submit a requested special issue wherein it was said if the jury should answer special issue No. 1 in the affirmative, then to answer what amount, if any, would compensate him for the breach of the contract by defendants. Since special issue No. 1 was not answered, and as we have found it was unnecessary to be answered, the requested issue would be meaningless, and there was no error in its refusal.

All assignments are overruled, and the judgment of the trial court is affirmed.