### CRANSTON v. GAUTIER.   (No. 95.)

(Court of Civil Appeals of Texas. Eastland. Feb. 11, 1926.)

**I. Trial ☜356(3).**

Judgment for tenant, in landlord's action for crop rent, *held* unauthorized, where jury failed to answer special issues as to total weight of cotton and cotton seed received by each party.

**2. Trial ☜356(7).**

Where jury failed to answer material issues and facts, court *held* to have duty to refuse to accept them and return jury to consider answers to each material issue.

**3. Trial ☜356(1).**

Where jury fails to agree on answers to material issues, mistrial should be ordered.

**4. Trial ☜365(3).**

Court cannot substitute his findings on material issues of fact for those of jury.

Appeal from Taylor County Court; Carlos D. Speck, Judge.

Action by J. B. Cranston against A. W. Gautier. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Stinson, Coombes & Brooks, of Abilene, for plaintiff in error.

Cox & Hayden, of Abilene, for defendant in error.

RIDGELL, J. Appellant filed this suit against appellee alleging that he was landlord and appellee was his tenant for the year 1923, on halves; that the cotton was to be divided in pounds and the seed in pounds; and that the appellee converted 881 pounds of lint cotton of the value of 25 cents per pound and 1,000 pounds of seed of the value of 1½ cents per pound, which belonged to appellant, and for which he claimed judgment. The appellee answered by general demurrer, general denial, and by way of cross-action that he had paid defendant by mistake the sum of $60, for which he asked judgment. The cause was tried before a jury upon special issues and upon their answers the court rendered judgment for the appellee. The appellant filed his motion for new trial and now prosecutes this appeal by writ of error. The point involved in this appeal is whether or not the answers of the jury to special issues are sufficient upon which to base the judgment rendered herein.

The appellant alleges that appellee as tenant raised 13,205 pounds of lint cotton during the year 1923 and that as landlord he was entitled to one-half; that he lacked 881 pounds of lint cotton receiving his one-half, which was worth 25 cents per pound; that he lacked 1,000 pounds receiving his one-half of seed of value of 1½ cents per pound.

The appellant testified there was due him 879 pounds of lint cotton and 1,000 pounds of seed cotton of the value alleged.

[1] The jury returned answers as follows to the special issues:

No. 1. How many bales of cotton did defendant raise on plaintiff's farm in the year 1923?   25 bales.

No. 2. How many bales of cotton did plaintiff receive?   12½ bales.

No. 3. How many of such bales did defendant receive?   12½ bales.

No. 4. What was the total weight of the cotton received by plaintiff?   Don't know.

No. 5. What was the total weight of the cotton received by defendant?

No. 6. How many pounds of lint cotton was raised by defendant on plaintiff's farm during the year 1923?   13,205.

No. 7. How much cotton seed did defendant get, if any, more than plaintiff?   Don't know.

No. 8. How much, if any, is defendant due plaintiff?   Nothing.

No. 9. How much, if any, is plaintiff due defendant?   Nothing.

[2, 3] The jury having failed to answer material issues and facts, it was the duty of the court to refuse to accept same, and the jury should have been returned to consider the answers to each material issue, and, failing to agree upon answers, a mistrial should have been ordered. Ford v. Honse (Tex. Civ. App.) 225 S. W. 860; Peterson v. Clay (Tex. Civ. App.) 225 S. W. 1112; Benton v. Jones (Tex. Civ. App.) 220 S. W. 193; Early Foster Co. v. Burnett Co. (Tex. Civ. App.) 224 S. W. 316.

[4] In a cause tried before a jury, the jury are the judges of the facts, and the court can-

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

not substitute his findings upon material issues for that of the jury. Jaco v. Nash Co. (Tex. Civ. App.) 269 S. W. 1089; Dugger v. Allen (Tex. Civ. App.) 233 S. W. 343. Many cases could be cited, but the proposition is so well settled further reference is unnecessary.

We suggest that upon another trial special issue No. 8 be not submitted in that form. When issues 4 and 5 are answered, if the answer makes same material, the issue of value should be submitted.

For the reason that the verdict of the jury is not responsive to issues mentioned, and the answers would not authorize or warrant the judgment rendered, and cause will be reversed, and remanded for a new trial.