**TEXAS EMPLOYERS' INS. ASS'N v. SHILLING.    (No. 855—4586.)**

(Commission of Appeals of Texas, Section A. Jan. 12, 1927.)

1. **Master and servant** ⬅417(4½)—**Compensation claimant's attorney held not "adverse party" to be served with notice of refusal to accept award (Rev. St. 1925, art. 8307, § 5).**

Where injured workman claiming compensation sued to set aside award of Industrial Accident Board, discharged attorney, who represented him and was awarded reasonable value of services, was not an "adverse party" necessary to be served with notice of refusal to accept ruling of board required to be served on adverse parties; Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44 (Rev. St. 1925, art. 8307, § 5), being inapplicable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Adverse Party.]

2. **Master and servant** ⬅417(9)—**Judgment for future payments of compensation held unauthorized, where jury failed to find duration of incapacity.**

In suit in district court to set aside Industrial Accident Board's award, judgment for future payments, due to claimant's 50 per cent. incapacity, *held* error, where jury did not know how long incapacity would continue.

3. **Trial** ⬅356(1)—**Judge cannot, by finding, supply answer to question submitted to, but unanswered by, jury.**

Where particular matter is submitted to jury and it fails to return verdict thereon, trial judge is not authorized to supply answer by finding.

4. **Master and servant** ⬅417(5) — **Injured workman, seeking to set aside award, must prove incapacity and its extent in point of time (Rev. St. 1925, art. 8306, § 11, and article 8307, § 5).**

In suit in district court to set aside award of Industrial Accident Board, claimant must prove incapacity and its extent in point of time, in view of Rev. St. 1925, art. 8306, § 11, and article 8307, § 5, since it is only while incapacity exists that insurer is required to pay compensation.

5. **Appeal and error** ⬅1001(1)—**Where some evidence of probative force tends to support verdict, question whether substantial evidence supports it or judgment is beyond Supreme Court's jurisdiction.**

Assignment that no substantial evidence supports any part of verdict or judgment is beyond jurisdiction of Supreme Court, where there is some evidence of probative force tending to support verdict, since its probabilities and weight were for jury and Court of Civil Appeals.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

Suit by Charles Shilling against the Texas Employers' Insurance Association, in which one Cooper was made party plaintiff, to set aside an award of the Industrial Accident Board. Judgment for plaintiffs was reformed and affirmed by the Court of Civil Appeals (279 S. W. 865), and defendant brings error. Reversed and remanded.

See, also, 259 S. W. 236.

Lawther, Pope, Leachman & Lawther, of Dallas, for plaintiff in error.

Will R. Saunders, of Breckenridge, for defendant in error.

NICKELS, J. The nature of the case is fully stated in the opinion of the Court of Civil Appeals, 279 S. W. 865, and need not be restated here further than is done in the discussion below.

[1] One question presented relates to the trial court's jurisdiction of the subject-matter. In so far as the matter is reviewable here, we believe a right disposition of it was

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

made by the Court of Civil Appeals, although in our opinion some of the reasons stated therefor are incorrect.

The question as presented arises in this way: The Industrial Accident Board, upon Shilling's application, awarded compensation of $305 for total incapacity for 27 weeks "down to the 4th day of May, 1921," date of the award. This was to be "in full and final settlement and satisfaction of his claim for compensation against said Texas Employers' Insurance Association." In the award it was ordered that the insurer "pay to Charles Shilling the sum of $305 less the sum of $45.75," and the latter sum was ordered paid to Cooper, his attorney, "for legal services rendered in connection with this claim for compensation." Shilling in due time gave notice to the insurer and the board of his unwillingness to abide by the award, and in due time brought suit in the district court to set aside the award and to recover lump sum compensation for 400 weeks. The insurer filed and presented his plea in abatement for nonjoinder of Cooper. The plea was overruled, and upon trial on the merits judgment was rendered vacating the award and allowing recovery of compensation in the lump sum of $4,945.82. Upon appeal the judgment was reversed and the cause was remanded for erroneous admission of testimony, etc., and in respect to alleged nonjoinder the Court of Civil Appeals expressed doubt. 259 S. W. 236. Upon the remand Shilling made Cooper a party. The insurer then interposed an exception to the jurisdiction of the court, because it was disclosed Cooper had never given notice of unwillingness to accept the award or brought suit to set it aside, and Shilling had not given Cooper notice or within the statutory period brought suit against him.

The part of the statute by which the matter is controlled reads as follows:

"All questions arising under this act, if not settled by agreement of the parties interested therein and within the terms and provisions of this act, shall, except as otherwise provided, be determined by the board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall within twenty days after the rendition of said final ruling and decision by said board give notice to the adverse party and to the board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in some court of competent jurisdiction in the county where the injury occurred to set aside said final ruling and decision and said board shall proceed no further toward the adjustment of such claim, other than as hereinafter provided; provided, however, that whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this act, and the suit of the injured employee or person suing on account of the death of such employee shall be against the association if the employer of such injured or deceased employee at the time of such injury or death was a subscriber as defined in this act. If the final order of the board is against the association then the association and not the employer shall bring suit to set aside said final ruling and decision of the board, if it so desires, and the court shall in either event determine the issues in such cause instead of the board upon trial de novo and the burden of proof shall be upon the party claiming compensation. In case of recovery the same shall not exceed the maximum compensation allowed under the provisions of this act. If any party to any such final ruling and decision of the board, after having given the notice as above provided, fails within said twenty days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto."

Section 44, art. 5246, Vernon's Texas Civil and Criminal Statutes, 1918 Supplement. Compare section 5, art. 8307, R. S. 1925.

The last sentence of the excerpt quoted contains the sole provision in which it is affirmatively declared that the "ruling and decision" of the board "shall be binding upon all parties thereto." Whatever else its language may truly signify it does not in terms apply except to a case wherein notice was actually given but suit was not brought within 20 days thereafter. Hence, that provision may be laid to one side, for it has no application here where the jurisdictional defect is alleged to lie in the failure to give notice by (or to) Cooper and subsequent failure of suit by or against him.

The relevant part of the statute reads thus:

"Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall within twenty days after the rendition of said final ruling and decision by said board give notice to the adverse party and to the board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in some court of competent jurisdiction * * * to set aside said final ruling and decision."

Shilling gave the notice to, and filed his suit against, the insurer within the periods named therefor in the provision just quoted. Manifestly, he is an "interested party." And that the insurer is the "adverse party" in such a case is the necessary result of the holding in Soloranzo v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 264 S. W. 121, 123, impliedly approved by the Supreme Court through dismissal for want of jurisdiction of the application for writ of error. See, also, Moore v. Lumbermen's Reciprocal Ass'n, 262 S. W. 472, wherein judgment for attorneys' fees was entered by the Supreme Court, upon recommendation of the Commission of Appeals, although the attorneys were not formal parties to the cause.

[2] The second question presented inheres

in that part of the trial court's judgment which reads as follows:

"And the court being of the further opinion that in consequence of the injuries received by the said Charles Shilling on the 27th day of July, 1920, said Charles Shilling will suffer 50 per cent. incapacity for the performance of labor for an indefinite period in the future, and being of the opinion that so long as said 50 per cent. incapacity for the performance of labor continues, said Charles Shilling is entitled to recover and be paid compensation at the rate of 50 per cent. of his maximum rate of $15 per week beginning on this date and continuing in the future, it is further ordered, adjudged, and decreed by the court that the Texas Employers' Insurance Association do pay unto the plaintiff, Charles Shilling, compensation at the rate of 50 per cent. of the maximum rate of $15 per week beginning on this date and continuing in the future until and unless altered, changed, modified, or terminated by subsequent agreement between the parties hereto in accordance with the provisions of the Employers' Liability Act and subject to the approval of this court; or until and unless altered, changed, modified, or terminated by subsequent order, award, judgment or decree of this court, but in no event to continue for a longer period than 401 weeks from and after the 27th day of July, 1920, for which said weekly compensation let execution issue as it accrues."

By proper reformation the decree for 401 weeks was changed by the Court of Civil Appeals to 300 weeks— the maximum compensable period for partial incapacity provided in the Workmen's Compensation Act.

The objection urged against this part of the judgment is that it has no support in the verdict of the jury; and that objection, in our opinion, is well taken.

[3] The case was submitted to the jury on special issues, and in response thereto the jury found that Shilling was injured July 27, 1920; that the injury would not cause him to suffer "total permanent incapacity for work," but that he would suffer "50 per cent. incapacity" for 218 weeks, and that (at the time of the trial) he was "partially incapacitated for work as a result of the injury." Immediately following the special issues in response to which the two findings last mentioned were made, the court propounded this inquiry: "How many weeks will said partial incapacity continue?" And the jury answered: "We do not know." Since this exact matter was submitted to the jury and the jury failed to return a verdict on it, there can be no warrant for a finding by the trial judge to supply the answer. And if the matter involved a material issue, the error of the court likewise is material.

Its materiality, we think, is imported by the words of the statute itself. The suit having been brought, it had to be tried de novo, "and the burden of proof shall be upon the party claiming compensation." Section 5, art. 8307, R. S. 1925. This means of course that the plaintiff, who has suffered a partical incapacity, is remitted to section 11 of article 8306, R. S. 1925, for the measure of his rights. That section provides that:

"While the incapacity for work resulting from the injury is partial, the association shall pay the injured employee a weekly compensation equal to 60 per cent. of the difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity," etc.

[4] There is a proviso that "the period covered by such compensation shall be in no case greater than three hundred weeks." Since the trial is to be de novo, with the burden of proof "upon the party claiming compensation," he must, as the basis of his right to recover, prove the incapacity and its extent in point of time, for it is only "while the incapacity" exists that the insurer is required to pay the compensation. The very fact which is thus made the basis of the plaintiff's right cannot be assumed by the court or by a jury. Compensation may or may not be due for one or more weeks after the date of the judgment. So far as the jury made any finding at all on the point, it amounted to a finding that the matter which must determine whether the company should be required to pay compensation after the date of the judgment is entirely uncertain. The bases of the plaintiff's rights being those named in the statute, and the burden of establishing the facts necessary to support those rights being directly placed upon the plaintiff, the court is without authority to render a judgment operative in the future and merely assuming existence of the necessary facts.

It is argued, however, that neither the jury nor the judge nor any person can with any degree of assurance determine the length of time that the partial incapacity might extend into the future, and, hence, that a finding on the subject, if made, would be immaterial and nonconclusive. But the argument confuses the difficulty of proof with its impossibility. Any ordinary suit for damages based upon an internal personal injury presents matters for the determination of the jury or the court as difficult of secure ascertainment as that presented in a case of this kind. For what absolute certainty can there be in a finding that a hidden injury from which the plaintiff suffers pain at the time of the trial is in fact a permanent injury and that consequently the pain and suffering will continue throughout the remainder of the plaintiff's life? Or what absolute degree of definiteness can inhere in a jury's measurement in dollars and cents of the "value" or extent of that injury and its sequent pain, mental and physical, and impairment of earning capacity?

(289 S.W.)

As a matter of plain fact, in many cases the jury function is to make an estimate, and thus it must be as long as human intelligence remains finite. The difficulty of the matter and the degree of uncertainty which every one knows does exist in all such cases afford no ground for refusing to make the effort to administer justice.

[5] The petition for writ of error presents that there is no substantial evidence to support any part of the jury's verdict or the judgment rendered thereon. This is a matter, however, that is beyond the jurisdiction of the Supreme Court, because there is some evidence of probative force tending to support the verdict, and its probabilities and weight were for the jury and the honorable Court of Civil Appeals.

Accordingly, we recommend that the judgments of the Court of Civil Appeals and of the district court be reversed and the cause be remanded.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed, and cause remanded to the district court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.