## COPELAND v. BRANNAN et al.

### No. 7917.

Court of Civil Appeals of Texas. Austin.

April 11, 1934.

Rehearing Denied May 2, 1934.

Critz & Woodward, of Coleman, for appellant.

W. Marcus Weatherred, of Coleman, for appellees.

BAUGH, Justice.

Appellant, plaintiff below, sued appellees for damages for personal injuries resulting to him from assisting in starting a gas engine belonging to appellees. Trial was to a jury on special issues, only a part of which were answered, and judgment rendered for the defendants, from which Copeland has appealed.

While the pleadings of appellant, consisting of his original petition, a supplemental petition, and a trial amendment, are somewhat meager and general as to the grounds of recovery, we think they were sufficient as against a general demurrer. Appellant alleged, in substance, two grounds of negligence: One that appellees ordered and directed him to assist in starting a stationary gas engine belonging to them, a dangerous undertaking, knowing that he was inexperienced in such matters and that such undertaking was dangerous; and, second, that the engine in question was so defective as to make the starting of it dangerous, which facts were known to appellees but unknown to him.

In their amended answer, appellees expressly denied that appellant was, at the time he received his injuries, employed by them to perform any duties for them; alleged that they instructed and warned him at the time not to undertake to start said engine, that he was a meddler acting contrary to instructions, and that his injuries were caused by his own negligence. They also pleaded assumed risk, and that the injuries received were incident to his employment.

Ten special issues were submitted to the jury, only a part of which were answered. The issues material to appellant's case and involved in this appeal were:

First. "Do you find and believe from the preponderance of the evidence, that the defendant Lawrence ordered or requested the plaintiff to assist in starting the engine, in the starting of which he was injured?" This issue was not answered by the jury.

Second. "If you have answered issue First in the affirmative, and only in that event, you will answer this, to-wit: Do you find and believe from the preponderance of the evidence that said engine, at the time, was not in good running order to such extent as to make the starting of same dangerous?" This issue the jury answered, "No."

Third. "If you have answered issue Second in the affirmative, and only in that event, you will answer this, to-wit: Do you find and believe from a preponderance of the evidence that the defendant Lawrence, at the time knew the condition of said engine?" The jury did not answer this issue.

Fourth. "If you have answered issue Third in the affirmative, and only in that event, you will answer this, to-wit: Do you find and believe from a preponderance of the evidence that the defendant Lawrence was guilty of negligence in requesting the plaintiff to assist in starting said engine, if you have found that he did make such request?" This issue was not answered by the jury.

Fourth A inquired whether such negligence, if found, was a proximate cause of the injuries sustained, and was not answered by the jury.

Issue fifth related to the amount of the damages, and was not answered.

In response to issue sixth, which was answered, the jury found that Copeland was not guilty of contributory negligence. Issues seventh and eighth are not pertinent here and need not be set out.

Two other special issues submitted at the request of appellees were answered by the jury, wherein they found: (1) That Copeland was injured "by a risk ordinarily incident to the employment in which he was engaged"; and (2) that Lawrence, one of the defendants, did not tell him not to get on the wheel of the engine.

The evidence shows that the appellees operated certain oil wells in Coleman county, which were being pumped by stationary gas engines similar to the one which inflicted the injury. Appellant had been operating two other engines on appellees' leases for about three weeks prior to his injury. The engine in question, which appellant had never operated, had been in a fire and had been repaired by appellee Lawrence and his son, and late in the afternoon on the day in question appellant came by the well and engine in question just as the appellee Lawrence was preparing to start said engine and give it a trial test. Appellant undertook to assist in starting it and was injured. Such engines

had large fly wheels, and the usual way of starting one was to rock or turn it against compression until ignition contact was made, then release the fly wheel, which, when the engine started, revolved in the opposite direction. This was usually done by turning on the ignition, climbing upon the fly wheel, pulling it backwards, and then releasing it by jumping off of it before it started to run. On the occasion in question this was what appellant did, but did not get off in time, and was seriously injured either by the engine back-firing, or by its starting to run; the proof not being clear as to which occurred.

Upon the foregoing findings of the jury the trial court rendered judgment for appellees. In this we think the court erred. Issue No. 1 was a material issue under the pleadings and the testimony. The issues following No. 1 were largely predicated upon it. Appellant insists that, under the court's charge, issue No. 2 was not submitted to, and could not be considered by, the jury unless and until they had answered issue No. 1 in the affirmative, and that therefore their findings thereon cannot be considered at all; that is, that failure to answer issue No. 1 automatically withdrew from the jury issue No. 2. Whether this be true or not we do not find it necessary to decide. Even if the answer to issue No. 2 be considered, it related only to the question of the defective condition, vel non, of the engine, and has no bearing on the negligence charged against appellees in imposing upon the appellant a duty alleged to be dangerous, and whose dangers he alleged were unknown to him, but known to appellees. Issue No. 3 was not answered, but issue No. 4 was broad enough to authorize a finding of negligence against appellees, under appellant's pleadings, if he was directed by appellees to do an act fraught with dangers known to appellees but unknown to him, even though the engine in question was not defective.

While the jury did find in response to issue No. 1, requested by appellees, that appellant's injuries resulted from a risk ordinarily incident to his employment, this finding does not necessarily exonerate appellees of negligence. If it were a dangerous undertaking, and appellees fully realized the dangers incident to it, but appellant did not, and the appellees knew that he did not, know such dangers, but nevertheless directed him to undertake such dangerous task, whether their doing so was negligence would still be a jury issue, even though the dangers involved were incident to the employment.

There was no finding of the jury on some of the material questions presented, and, having submitted these issues to the jury, and the jury not having found on them, the court was not authorized to supply such findings, nor to render judgment on the issues answered, but should have refused to accept same; and the jury should have been returned for further consideration, and, in case they could not agree on such material issues, a mistrial should have been declared. The court had no authority to render judgment on the verdict, absent any finding on a material issue submitted. Cranston v. Gautier (Tex. Civ. App.) 284 S. W. 620, and cases cited therein; J. R. Milam Co. v. First Nat. Bank (Tex. Civ. App.) 29 S.W.(2d) 480, 483; Early-Foster Co. v. Burnett & Co. (Tex. Civ. App.) 224 S. W. 316; Speer's Law of Special Issues, § 430, p. 559.

Appellees contend, however, that, under the uncontroverted evidence, the court was authorized to render judgment for them non obstante veredicto, under article 2211, R. S. 1925, as amended by Acts 42d Leg. (1931) p. 77, c. 119 (Vernon's Ann. Civ. St. art. 2211). This contention cannot be sustained. The transcript contains no motion for a judgment non obstante veredicto, and the judgment itself recites that it was based on the verdict of the jury, not that it was rendered non obstante veredicto and in disregard of the jury findings. The amendment to article 2211 which authorizes such judgment expressly provides that such judgment is authorized "upon motion and reasonable notice." There is no showing in the record that this statute was complied with, which, under the decisions, is a necessary prerequisite to sustain it on that ground. St. Louis, B. & M. Ry. Co. v. Simmonds (Tex. Civ. App.) 50 S.W.(2d) 343; Coleman v. Rollo (Tex. Civ. App.) 50 S.W.(2d) 391; Parks v. Hines (Tex. Civ. App.) 68 S. W. (2d) 364, 370; 25 Tex. Jur., § 115, p. 502.

For the reasons stated, the judgment of the trial court must be reversed, and the cause remanded for another trial.

Reversed and remanded.