## TEXAS CREOSOTING CO. et al. v. SIMS.

### No. 2716.

Court of Civil Appeals of Texas. Beaumont.
April 8, 1935.

Rehearing Denied April 17, 1935.

E. L. Reid, of Orange, and Williams, Lee, Hill, Sears & Kennerly, of Houston, for appellants.

Jas. A. Harrison, of Beaumont, and Dies, Stephenson & Dies, of Orange, for appellee.

O'QUINN, Justice.

Appellee Sims was plaintiff below. We shall refer to him as plaintiff. Appellants were defendants below. We shall refer to them as defendants.

On May 13, 1930, plaintiff Sims filed suit in the district court of Orange county against the Texas Creosoting Company, a Texas corporation, seeking to recover damages for breach of an alleged contract relative to the purchase of certain timber situated in said county, by said company. On June 7, 1933, plaintiff filed his second amended petition complaining of the Texas Creosoting Company, and joining the Lutcher & Moore Lumber Company, also a Texas corporation, as a defendant. In this amended petition he claimed damages from both defendants for the violation of and refusal to carry out an alleged contract between him and said defendants in which the Lutcher & Moore Lumber

Company was to purchase certain timber from the Kirby Lumber Company and permit him to cut and sell the poles and piling to the defendant Texas Creosoting Company. That the Texas Creosoting Company was to guarantee a portion of the purchase price of the timber to the Lutcher & Moore Lumber Company. That the Lutcher & Moore Lumber Company was to cut the pine timber suitable for sawlogs remaining after the poles and piling had been cut, and take same on a basis of $7.50 per thousand board feet. That he, plaintiff, was to have all profits arising out of the transaction in excess of $16,405.44, the purchase price of the timber as a whole, plus 6 per cent. interest on same from date of purchase of the timber until the date of final settlement between the parties.

Plaintiff sought to recover damages against the Lutcher & Moore Lumber Company on the theory that after making the contract it purchased the timber but refused to let him cut and sell the poles and piling or the hardwood; and sought to recover against the Texas Creosoting Company upon allegations that it aided, encouraged, connived at, and abetted the Lutcher & Moore Lumber Company in the breach of the alleged contract with plaintiff with the intent to deprive him of the benefit of said contract, and with the intent to wrongfully aid and benefit said Lutcher & Moore Lumber Company and itself, and that, in pursuance of the said connivance by and between said defendants, the defendant Texas Creosoting Company did receive the poles and piling cut from said land by others than plaintiff, thereby depriving him of the profit he was entitled to receive.

The defendants, Texas Creosoting Company and Lutcher & Moore Lumber Company, each answered by general demurrer, numerous special exceptions, general denial, pleas of the two and four years' statutes of limitation, and special defenses not thought necessary to here state.

At the conclusion of the evidence, each of the defendants moved for an instructed verdict in its behalf, which motions were overruled, and the case tried to a jury upon special issues upon the answers to which judgment in favor of plaintiff was rendered against the defendants jointly and severally for the sum of $34,637.50, and judgment against the defendant Lutcher & Moore Lumber Company individually for $575, with costs of suit. Plaintiff filed a remittitur of $21,712.16 of the joint judgment, and also of the $575 judgment against the Lutcher & Moore Lumber Company individually, leaving the judgment against the defendants, jointly and severally, in the sum of $12,925.34. Motion for a new trial was filed by each of the defendants, which were overruled, and they have brought this appeal.

Plaintiff bases his suit and right to recover against the Texas Creosoting Company upon the theory that it aided, encouraged, abetted, and connived with the Lutcher & Moore Lumber Company in the breach of its alleged contract with him to purchase the timber involved in his purported contract with the Kirby Lumber Company, with him to have the right to cut, remove, and sell the poles, piling, and ties from the land, and that the Texas Creosoting Company so acted with the Lutcher & Moore Lumber Company for the purpose of depriving him of the benefits of his said contract.

While plaintiff brings his suit on these allegations, no such issue was submitted to the jury, nor did plaintiff ask for the submission of any such issue, but the defendant Texas Creosoting Company prepared two such issues (requested special issues 6 and 7) correctly presenting the question, and requested their submission, which was refused. This was the specific ground upon which plaintiff sought to recover against said company; and the refusal of the requested special issues was error for which the judgment would have to be reversed and the cause remanded; but as we have concluded that appellant Texas Creosoting Company's ninth assignment of error, that the court erred in refusing its request for an instructed verdict in its favor, should be sustained, we shall not further discuss the error above first mentioned, or any of the other assignments presented.

We think that the motion for an instructed verdict should have been granted. It appears that in December, 1928, plaintiff Sims had an agreement with the Kirby Lumber Company for him to purchase from said company the timber on four tracts of land in Orange county, Tex., for a cash consideration. In pursuance of this agreement, the Kirby Lumber Company executed a deed conveying the timber to plaintiff, and at his request forwarded same to a bank in Beaumont, Tex., with draft attached, where same was to be taken up by plaintiff, and payment made. Plaintiff failed to make the payment and get the deed, and on December 17, 1928, the Kirby Lumber Company wrote plaintiff saying that it appeared he was trying to turn down the agreement to purchase the timber, and further saying: "We made a very clear trade which was not conditioned upon what any

third person might do." December 18, 1928, the deed was returned to the Kirby Lumber Company at Houston, Tex., and canceled.

On December 23, 1928, plaintiff wrote the Kirby Lumber Company in an effort to negotiate the purchase of the timber on a different basis of payment. December 27, 1928, the company, through Mr. H. M. Seaman, its land and tax commissioner, replied refusing the proposal, but Seaman suggested, without consulting the executive committee of the Kirby Lumber Company, which had to approve all matters of the kind, that he believed that a trade for the timber could be made for a consideration of $16,405.44, of which $8,000 would have to be paid in cash, and the remainder as and when the timber was cut and removed from the land. He stated, however, that any deal would have to be approved by the executive committee of the company. Plaintiff, wishing to purchase the timber as per the terms suggested by Mr. Seaman, but not being financially able to meet the $8,000 cash payment, undertook to interest the Texas Creosoting Company in the matter, that is, to get it to finance the deal between him and the Kirby Lumber Company for the purchase of the timber; he to sell the poles and piling to the Creosoting Company. After considerable negotiation including personal contacts on the part of plaintiff, and T. C. Thornhill, representing the Texas Creosoting Company, and H. M. Seaman for the Kirby Lumber Company, an understanding as to the terms of sale was had, subject to the approval of the executive committee of the Kirby Lumber Company, but as neither plaintiff nor the Texas Creosoting Company wanted to handle the sawmill stock timber, the Lutcher & Moore Lumber Company, at the suggestion of the Texas Creosoting Company, became interested, and, after further negotiations, it agreed to purchase all the timber on the four tracts of land at the price and upon the terms of plaintiff's original understanding with the Kirby Lumber Company, that is, to pay $16,-405.44 cash for all of the timber; plaintiff to have the right to cut the timber suitable for poles and piling and sell same to the Texas Creosoting Company. This final understanding and agreement was evidenced by a letter from the Lutcher & Moore Lumber Company to the other parties, plaintiff Sims, and the Texas Creosoting Company, dated January 26, 1929. This letter was preceded by a letter of date January 25, 1929, from Sims and the Texas Creosoting Company to the Lutcher & Moore Lumber Company releasing the Kirby Lumber Company from its prior agreements with Sims and the Texas

Creosoting Company for the purchase of the timber, and agreeing that the Kirby Lumber Company might deal directly with the Lutcher & Moore Lumber Company in the sale of the timber to it. Upon the conclusion of these negotiations and the agreement looking to the sale of the timber, the Lutcher & Moore Lumber Company, on January 26, 1929, wrote the Kirby Lumber Company, per H. M. Seaman, its land and tax commissioner, and who had been conducting all of the negotiations on the part of the Kirby Lumber Company, inclosing the letters to it from plaintiff Sims and the Texas Creosoting Company, showing the agreement for it, the Lutcher & Moore Lumber Company, to purchase the timber direct, and requesting the Kirby Lumber Company to send deed, and that check to cover was ready. All the parties concerned were acting and did act in the matter with the clear information and understanding that the deal, or whatever deal, if any, was consummated as to the sale of the timber, would have to be approved by the executive committee of the Kirby Lumber Company; that no sale could be had in any other way. On February 2, 1929, Mr. Seaman, acting for the Kirby Lumber Company, wired the Lutcher & Moore Lumber Company that the executive committee of the Kirby Lumber Company had decided not to sell the timber, thus refusing to approve the proffered deal, and withdrawing the timber from the market. This information was immediately given to plaintiff and the Texas Creosoting Company. No further efforts were made by either plaintiff Sims, the Texas Creosoting Company, or the Lutcher & Moore Lumber Company, to bring about or effect the sale of the timber under or because of the prior attempt of plaintiff Sims to effect a purchase of the timber.

Nothing further relative to the effort of plaintiff Sims to acquire the timber occurred until May 13, 1930, when, as before stated, he brought suit against the Texas Creosoting Company for damages for its not purchasing the timber under his alleged agreement with it to finance his attempted deal to buy said timber prior to the merging of same with or into the subsequent agreement to buy the timber through the Lutcher & Moore Lumber Company, which failed because the executive committee of the Kirby Lumber Company, on February 2, 1929, refused to sell the timber and withdrew same from the market. Some eighteen months after the Kirby Lumber Company refused to sell the timber, as above stated, the Kirby Lumber Company, through its executive committee, decided it would sell all

of its timber holdings in Orange county, ten tracts, and communicated with the Lutcher & Moore Lumber Company, and the Peavy-Moore Lumber Company, each of which operated mills in that section, offering the timber on the ten tracts for sale, and on July 23, 1930, closed a deal with the Lutcher & Moore Lumber Company selling to it the timber on the ten tracts, and said company proceeded to cut and remove the timber therefrom.

From the facts above stated, which are without dispute, it is seen that plaintiff Sims failed to carry out his original deal with the Kirby Lumber Company for the timber on the four tracts. When he then tried to effect a different deal, he interested the Texas Creosoting Company in aiding him financially, and because of certain features (the sawmill stock which neither he nor the Creosoting Company wanted) the Lutcher & Moore Lumber Company was finally induced, with the knowledge and consent of plaintiff, to undertake the purchase of all the timber on the four tracts; plaintiff to have the right to cut, remove, and sell the poles and piling, as evidenced by the letter from plaintiff and the Texas Creosoting Company to the Lutcher & Moore Lumber Company, releasing the Kirby Lumber Company from any agreement it may have had with plaintiff and the Texas Creosoting Company for the sale of the timber, and agreeing that the sale of same might be made direct to the Lutcher & Moore Lumber Company; and thereupon said Lutcher & Moore Lumber Company at once sent said letters from plaintiff and the Texas Creosoting Company to the Kirby Lumber Company and requested deed to the timber, with statement that check was ready to cover; this on January 26, 1929. All parties fully understood that no sale of the timber could be made without the approval of the executive committee of the Kirby Lumber Company. There is nothing to indicate that the agreement entered into by and between plaintiff Sims, the Texas Creosoting Company, and the Lutcher & Moore Lumber Company, was a continuing one; that is, to hold indefinitely. All the facts and circumstances show that the parties contemplated an immediate purchase, or at least within a reasonable time, if it could be effected at all. When the offer to buy was refused and the timber taken from the market, that definitely ended the undertaking of the parties to purchase the timber. When, after some year and a half after this, the Kirby Lumber Company decided to sell all of its holdings of timber in Orange county, and on its own initiative communicated with timber manufacturers and dealers, such as the Lutcher & Moore Lumber Company, and the Peavy-Moore Lumber Company, offering to sell the timber, not on the four tracts negotiated for by plaintiff, but on ten tracts, and finally sold same to the Lutcher & Moore Lumber Company, such sale was not by virtue of any understanding that ever existed between it and plaintiff, or in contemplation of any such reason, but was an entirely different transaction in which plaintiff was in no manner concerned, or in which he had any rights. There was no showing that the Texas Creosoting Company had anything to do with the final purchase of the timber by the Lutcher & Moore Lumber Company, or that it had any knowledge that such purchase was going to be made. That being true, no liability against it appears in favor of plaintiff, and its request for an instructed verdict should have been granted. The judgment against this defendant will have to be reversed and here rendered for said defendant, and it is so ordered.

■ Appellee, Sims, nor appellant Lutcher & Moore Lumber Company, have filed any briefs, but appellee has filed a motion to dismiss the appeal of the Lutcher & Moore Lumber Company. It is a rule followed by this court that when a case has been appealed to this court and the appellant files no brief, and there is no good reason shown why such brief was not filed, and the appellee files motion to dismiss the appeal, the motion will be granted and the appeal dismissed without looking to the record for fundamental error. Yuba Oil Co. v. Williams (Tex. Civ. App.) 50 S.W.(2d) 416. Ordinarily that rule obtains where there is only one party appellant, who has filed no brief. In this case there are two appellants. One, the Texas Creosoting Company, has filed an elaborate and able brief covering every phase of the case. This requires us to search the whole record, and finding therein that no such contract as was plead by plaintiff as the basis of his right to recover existed, but that in fact he had no contract with the Lutcher & Moore Lumber Company by virtue of which the timber was bought, and, therefore, plaintiff was not entitled to judgment against either of the defendants, we may not shut our eyes to such fundamental error; but, having inspected the record and discovering the error, must consider same, which requires that the judgment against this defendant be also reversed and here rendered. Brown v. Spector (Tex. Civ. App.) 70 S.W.(2d) 478; Haynes v. J. M. Radford Grocery Co., 118 Tex. 277, 14 S.W.(2d) 811, 812.

The judgment is reversed, and judgment here rendered for both defendants, Texas Creosoting Company and the Lutcher & Moore Lumber Company.