## WAGSTAFF et al. v. NORTH BRITISH & MERCANTILE INS. CO., LIMITED.
### No. 1492.

Court of Civil Appeals of Texas. Eastland.
Oct. 18, 1935.

Rehearing Denied Nov. 15, 1935.

Clifford Craig, of Dallas, for appellants.

Leake, Henry & Young, of Dallas, for appellee.

GRISSOM, Justice.

For convenience, the parties will be referred to as in the trial court.

The plaintiff, E. L. Wagstaff, filed this suit against the North British & Mercantile Insurance Company, Limited (which company will hereafter be referred to as insurance company), and C. V. Compton, alleging, among other things, in substance (so far as is necessary to be shown here), that plaintiff was the owner of a certain dwelling house with vendor's liens against it in favor of W. Q. Seale in the sum of $325, and in favor of James R. Forster in the sum of $1,500; that plaintiff made application to the insurance company for a policy of fire insurance on said house; that the defendant insurance company's agents were informed that the liens against the house mentioned above would be transferred to C. V. Compton, and plaintiff requested that Compton's name appear in the loss payable clause of the policy to be issued as sole mortgagee as his interest might appear; that immediately thereafter this instruction was withdrawn, and that defendant insurance company, through its agents, was instructed to write into said loss payable or mortgage clause of the policy the names of said Seale and Forster, as first and second mortgagees as their interests might appear; that the insurance company in

writing the policy "through inadvertence, carelessness or mistake" inserted the name of Compton as mortgagee instead of the names of Seale and Forster; that if Compton's name was not so inserted in said clause instead of the names of Seale and Forster, then such act was fraudulently done by the insurance company with the intention of defeating a recovery on the policy in the event of fire; that the defendant insurance company issued its insurance policy in the sum of $1,750 insuring said house against loss by fire, for which the plaintiff paid the customary premium; that plaintiff accepted the insurance policy in ignorance of the fact that Compton was named as mortgagee; and that he did not discover that Compton's name, instead of that of Seale and Forster, was written into the mortgage clause of the policy until after the house burned. Plaintiff alleged the loss did not fall within any of the exceptions in the policy, and attached the policy to his petition and made same a part thereof. Plaintiff prayed that the policy be reformed by inserting the name of the true mortgagee, that is, Seale and Forster, instead of Compton, in the loss payable clause, and, in the alternative, that he have judgment for the full amount of the policy, etc.

Compton filed an answer disclaiming any interest in the policy. Seale and Forster intervened, alleging that they held vendor's lien notes for $325 and $1,500, respectively, adopted plaintiff's petition, and asked judgment against the insurance company for the amounts due on their respective notes.

The insurance company, among other things, expressly pleaded portions of the policy providing it should be void if (1) insured had concealed or misrepresented material facts; (2) if the interests of insured be falsely stated; (3) in the event of fraud or false swearing by the insured; (4) if insured was not the sole and unconditional owner of the house; (5) if the premises became vacant exceeding ten days, or unoccupied exceeding thirty days; (6) "if mechanics be employed in building, altering or repairing said premises for fifteen days at any one time." The insurance company further alleged facts which, if proved, established all said exceptions from liability mentioned in the policy, and tendered the premium paid into court to be returned to the party entitled thereto.

The court, by fifteen special issues, submitted to the jury questions as to whether (1) plaintiff was the unconditional and sole owner of the house on the date of the policy; (2) whether the house was under construction when the policy was issued; (3) how long the house was under construction after the date of the policy; (4) whether the insurance company was notified the house was under construction; (5) to whom Forster gave such notice; (6) whether the house was vacant when the policy was issued; (7) how long afterwards it remained vacant; (8) whether Forster gave the insurance company notice of vacancy; (9) whom Forster so notified; (10) whether a construction "rider" was requested; (11) whether a "vacancy permit" was requested; (12) whether the insurance company's agent was requested to change the name of the mortgagee from Compton to Seale and Forster; (13) whether Forster and Wagstaff owned the house jointly; (14) whether Forster concealed Wagstaff's true interest; and (15) whether Wagstaff swore falsely as to his interest in the property.

The jury only answered three of the special issues submitted, to wit, special issues Nos. 2, 10, and 11. The jury found in answering said three issues (1) that the premises in controversy were under construction at the time of the issuance of the policy in controversy; (2) that Forster did not request Cullum (the agent of the insurance company) to issue a construction rider for the policy; and (3) that Forster did not request Cullum to issue a vacancy permit.

The court rendered judgment dismissing Compton from the suit, and that plaintiff and interveners recover nothing from the defendant insurance company. The plaintiff and the intervener Forster duly presented their motions for a new trial, which motions were overruled and each excepted and gave notice of appeal. The intervener Seale and the defendant Compton did not appeal. The intervener Forster has filed no brief in this court.

The plaintiff, by three assignments of error, questions the sufficiency of the verdict to sustain the judgment rendered. There is no statement of facts, nor findings of fact, nor conclusions of law by the trial court in the record.

In our original opinion we held that the verdict was insufficient as a basis for the judgment and reversed the case. We have concluded that in view of the holding that

the verdict was insufficient as a basis for judgment that article 2211, as amended by the 42d Legislature in 1931, c. 77, § 1 (Vernon's Ann.Civ.St. art. 2211), which, among other things, provides "that upon motion and reasonable notice the Court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence," is not applicable to the facts of this case, because, in legal effect, there was no verdict at all, and, therefore, such opinion is withdrawn and this opinion is substituted therefor. However, we are of the opinion that the conclusion reached in our original opinion was correct, and the motion for rehearing is overruled.

■ It is insisted by appellee in its motion for rehearing that we should presume that the trial court concluded after the jury had failed to answer the question that it was in error in submitting the question as to the length of time the premises were under construction, and further presume that the testimony on such issue was undisputed, and upon such reasoning affirm the judgment. We understand that the authorities preclude such conclusion. Panhandle & S. F. Ry. Co. v. Sutton (Tex.Com.App.) 81 S.W.(2d) 1005. Having submitted the question to the jury, its inability to answer would not permit the trial court to answer for the jury. In some of the authorities that could be construed as holding to the contrary, it is shown that an examination of the statement of facts in such cases demonstrated that no other judgment than the one rendered could have been rendered, and it was held that the action of the trial court in answering the questions the jury failed to answer was not reversible error; such a question is not presented here.

Appellee further contends that a finding by the jury that the premises were under construction when the policy was issued would permit the trial court to find the additional fact that the fact of construction was concealed from appellant within the terms of the policy excepting appellee from liability in case of material concealment.

■ The case was submitted to the jury, at least substantially, on the defenses pleaded. Evidently they would not have been submitted had there been no support in the evidence. The jury having failed to answer any issue which would constitute a defense to plaintiff's cause of action, we are definitely of the opinion that a mistrial should have been declared. Guitar Trust Estate v. Keith (Tex.Com.App.) 45 S.W.(2d) 190. In the case of Lakewood Heights Co. v. McCuistion (Tex.Civ.App.) 226 S.W. 1109, 1111, the case was submitted to the jury on special issues and the jury could not agree on the answer to an essential issue. The court in an opinion by Judge Talbot used the following language:

"Thus it appears that the foregoing issues, although submitted to the jury, and presumably upon evidence sufficient to justify findings upon them, were not determined. * * * In other words, the jury having disagreed and failed to determine the only issue alleged showing a cause of action against the defendant, the plaintiffs were not entitled to judgment.

"That no statement of facts is in the record is immaterial in passing upon the question; for, no matter what the testimony was upon the issue, the failure of the jury to agree and determine it left the court without a basis or predicate for the judgment sought. * * * The vital issues having been submitted to the jury, as indicated, for their determination, and the jury having failed to determine those issues, the presumption cannot obtain, as is suggested by the plaintiffs, that the facts necessary to sustain the judgment of the district court were found by that court. As said by counsel for defendant, when a cause is submitted on special issues, such issues must be determined by the jury. In such case the court is powerless to decide any issue so submitted."

■ Where no statement of facts has been filed, as in this case, the contentions are to be determined without reference to the evidence, and we must assume that the evidence was sufficient to go to the jury on the issues submitted by the trial court. The issues submitted were material under the pleadings, and the jury having failed to answer the issues submitted in such manner as to authorize a judgment on such answers, the court was not permitted to supply such findings, either expressly or by implication. There was, therefore, no basis for a judgment, and a mistrial should have been declared.

"The court can never supply an omitted finding by the jury when the particular omission is indispensable to the judgment and when the issue has been actually submitted to the jury for answer. The statute

permitting the court's supplying an omitted fact applies only to fact issues not submitted, nor requested to be submitted, and not always even to these since the recent rule of waiver made to apply to complete theories or defenses of a case. In the sense therefore we are considering the question of failure to answer, the rule may be said to be the court can never supply a finding to cure the failure, or what is the same thing, in effect, render judgment implying the finding." Speer, Law of Special Issues in Texas, § 430, p. 559.

The same question has been definitely determined by the Commission of Appeals in the case of Texas Employers' Ins. Ass'n v. Shilling 289 S.W. 996, 998. We quote from the opinion by Judge Nickels: "Since this exact matter was submitted to the jury and the jury failed to return a verdict on it, there can be no warrant for a finding by the trial judge to supply the answer. And if the matter involved a material issue, the error of the court likewise is material."

That was a compensation case, and the jury in answer to special issues submitted found that the plaintiff was injured on a certain date; that the injury did not cause the plaintiff to suffer a total permanent incapacity, but that he would suffer a certain percentage of incapacity for a given number of weeks; that at the time of trial he was only partially incapacitated as a result of the injury, and, after these issues and answers, the court inquired: "How many weeks will said partial incapacity continue?" This question the jury could not answer. The unanswered special issue was held to be a material issue, without an answer to which there was no proper basis for judgment, and the court held, as shown by the above-quoted portion of the opinion, that the trial judge could not supply the answer for the jury, either by implication or otherwise.

We are of the opinion that the following authorities definitely decide the questions of law presented by this appeal:

"Where an issue is submitted to the jury and they fail to answer, the trial court cannot find on said issue." Jaco et al. v. W. A. Nash Co. (Tex.Civ.App.) 269 S.W. 1089, 1090.

"The jury not only failed to answer special issues Nos. 9 and 11, but in a communication made to the court in connection with the verdict returned, stated: 'We, the jury, are unable to agree on answers to special issue No. 11 and special issue No. 9.'

"Therefore, neither the date when appellee's physical incapacity was removed, nor whether his claim for compensation was filed before the Industrial Accident Board of Texas within 6 months after the removal of his physical incapacity, was found by the jury. Said issues Nos. 9 and 11 were material, and, because of the submission thereof to the jury, the court was not at liberty to ignore same and render judgment on the assumption that the evidence introduced thereon was sufficient to establish the facts submitted by said issues to the jury for determination, or to make any character of finding thereon. Texas Emp., etc., v. Shilling (Tex.Com.App.) 289 S.W. 996. We have carefully considered the answers to special issues Nos. 8 and 12, and find that same will not support the verdict without answers to special issues Nos. 9 and 11, favorable to appellee." Norwich Union Indemnity Co. v. Wilson (Tex.Civ.App.) 17 S.W.(2d) 68, 80.

"The jury having failed to answer material issues and facts, it was the duty of the court to refuse to accept same, and the jury should have been returned to consider the answers to each material issue, and, failing to agree upon answers, a mistrial should have been ordered." Cranston v. Gautier (Tex.Civ.App.) 284 S.W. 620.

"The right to have all material issues of fact disposed of by the jury is inviolable. The court cannot legally deny that right without committing error. As it is a fundamental error to render a judgment on an answer of the jury not responsive to a question (Ind. Co-op. Canal Co. et al. v. Gray [Tex.Civ.App.] 184 S.W. 242), so is it error to render a judgment on the verdict of the jury, wherein they fail to return an answer to a material question submitted. And the court, having submitted this issue, could not himself make a finding thereon. Benton v. Jones (Tex.Civ.App.) 220 S.W. 193.

"In order to render a judgment on the several issues submitted to the jury, there must be an answer to each material one. The court had no right to submit his judgment for that of the jury on an unanswered question so as to render a judgment, notwithstanding their failure to answer." Ford v. Honse (Tex. Civ. App.) 225 S.W. 860, 861.

"There was no finding of the jury on some of the material questions presented,

and, having submitted these issues to the jury, and the jury not having found on them, the court was not authorized to supply such findings, nor to render judgment on the issues answered, but should have refused to accept same; and the jury should have been returned for further consideration, and, in case they could not agree on such material issues, a mistrial should have been declared. The court had no authority to render judgment on the verdict, absent any finding on a material issue submitted." Copeland v. Brannan et al. (Tex.Civ.App.) 70 S.W.(2d) 660, 662.

The Supreme Court of Texas, in the case of Ablowich v. Greenville Nat. Bank, 95 Tex. 429, 67 S.W. 79, 881, held that where the trial court instructed the jury: "The plaintiff in this cause is entitled to recover the full amount of the note sued on, which is $567.75, with a foreclosure of the mortgage lien, and you will so find, unless you find for the defendant upon the following issue." The jury returned a verdict for the plaintiff for the amount stated, but said nothing as to the mortgage lien. It was held that the trial court, under such situation, was unauthorized to find the existence of the lien, and in so holding the court used the following language: "When a jury has been demanded by either party, he is entitled to have every material issue made by the pleading and the evidence submitted to that jury, and the trial court cannot enter a judgment upon a verdict which fails to pass upon any material issue submitted to the jury, unless it be in case of a special verdict, which is provided for by statute." Ohio Casualty Ins. Co. v. Stewart (Tex. Civ.App.) 76 S.W.(2d) 873; Smith v. El Paso & N. E. R. Co. (Tex.Civ.App.) 67 S.W.(2d) 362; Dixie Motor Coach Corporation v. Swanson et al. (Tex.Civ.App.) 41 S.W.(2d) 436.

If prior to the decision in the case of Panhandle & S. F. Ry. Co. v. Sutton (Tex. Com.App.) 81 S.W.(2d) 1005, 1007, there was a conflict on the question of procedure there determined, then we are convinced that such opinion is conclusive of the question decided. The opinion in that case by Judge Ryan was expressly adopted by the Supreme Court. In that case, as in the present one, no statement of facts had been filed, and the court said that under such situation the contentions were to be determined without reference to the evidence and that the court must assume that the evidence was sufficient to go to the jury on the issues submitted. In that case Brown sued the railway company to recover damages for personal injuries allegedly sustained by him through the defendant's negligence. The case was submitted to the jury on special issues, only a part of which were answered. The jury in answer to a special issue found for the defendant railway company on the issue of discovered peril. The court held in an application for mandamus against the trial judge to compel an entry of judgment for the defendant on the theory that the answer of the jury against the plaintiff on the issue of discovered peril determined the case as follows: "Relator argues here that the only basis of liability on its part, as pleaded, was that of discovered peril, and the jury having found for it on that issue, such finding is decisive of the case. This is not correct, because plaintiff's petition made issues of fact for the jury's determination, as to whether the defendant (relator) was negligent in the respects therein set forth and whether such negligence constituted a proximate cause of plaintiff's injuries and damage; defendant's answer affirmatively pleaded contributory negligence and unavoidable accident, which likewise were issues to be passed on by the jury, not only because they were so affirmatively pleaded, but in the very nature of the case had to be decided as a prerequisite to plaintiff's right to recover, or not. * * * The jury having found against the injured party upon the issue of discovered peril, the issues of primary negligence and contributory negligence still remained in the case, and the jury should have answered the issues pertaining thereto. * * * We conclude, the jury not having made findings on material issues submitted to them, the court was not authorized to supply such findings nor to render judgment on issues answered, and a mistrial of the case resulted. Copeland v. Brannan (Tex.Civ.App.) 70 S.W.(2d) 660; Speer's Law of Special Issues, p. 559, § 430. All material issues in the case must be submitted and, of course, answered. Speer's Special Issues, p. 198, § 149. * * * Here, we have no statement of facts and no findings of the jury by which may be measured the questions of negligence, contributory negligence, proximate cause, etc."

Therefore, the question necessary to the decision of this case is whether or not the answer of the jury to the three special is-

sues is sufficient to warrant the judgment. If the findings do not justify the judgment, we are not permitted to presume. that the trial court made other findings that established a defense to the plaintiff and interveners' cause of action. See 3 Tex. Jur. § 752, p. 1069; J. R. Milam Co. v. First Nat. Bank (Tex.Civ.App.) 29 S.W. (2d) 480; Ford v. Honse (Tex.Civ.App.) 225 S.W. 860; Early-Foster Co. v. Tom B. Burnett & Co. (Tex.Civ.App.) 224 S. W. 316; Benton v. Jones (Tex.Civ.App.) 220 S.W. 193; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

■ The policy provided that the entire policy should be void "if mechanics be employed in building, altering or. repairing the within described premises for more than 15 days at any one time." As has heretofore been shown, the only finding of the jury was to the effect that the house was under construction at the time of the execution of the policy; that the plaintiff did not request a construction permit, or a vacancy permit. There is no provision in the policy that it should lapse or be void if the insured did some construction work, alteration, or repairing, without requesting a construction permit, nor is there a provision that a failure to request a vacancy permit would void the policy. Therefore, the sole question is whether or not the finding of the jury that the policy, no construction permit having been requested, brought the insured within the exception of the policy last above quoted. It is plainly apparent that such finding of the jury wholly fails to do so without an additional finding that such construction (if the word "construction" is equivalent to the words "building, altering or repairing" as used in the policy) continued for more than fifteen days at any one time. The jury failed to find how long such construction continued, and under the authorities above cited the court was certainly without power to make such finding in support of the judgment. Such a finding by the trial court would not be merely supplemental or incidental to, and supporting the facts found by the jury, but would be a separate and independent finding of fact essential to establish a complete defense to the cause of action. Such finding the trial court would not be authorized to make. Ormsby v. Ratcliffe, supra.

The insurance company in its able brief states that the court "rendered judgment solely upon the verdict which the jury returned, it being undoubtedly by the trial court considered that the answers to the three issues of the 15 submitted were sufficient in view of the testimony and evidence to support a judgment for the appellee herein." In addition to the foregoing statement from appellee's brief, its motion for judgment, and the judgment itself, definitely demonstrate the fact that the judgment of the trial court was based solely upon the three issues answered by the jury.

■ We are requested to read into the policy by implication language that is not clearly written therein in order to create a forfeiture which does not exist under the plain terms of the policy, as actually written. This we decline to do.

"Forfeitures are harsh and punitive in their operation and are not favored by the law. Consequently, uncertain language in a policy will be interpreted, if possible, so as to avoid a forfeiture and sustain the contract. * * * To warrant a forfeiture, the language must be clear, plain and unequivocal; no forfeiture will be declared upon matters arising from implication, at least if by a reasonable construction, forfeiture can be avoided. * * * If the language of the policy does not express an exception when fairly interpreted, the courts will not write an exception into it by construction." 24 Tex.-Jur. §§ 27, 28, pp. 703, 704.

■ We are of the opinion that unquestionably the verdict of the jury is insufficient to support the judgment rendered.

■ It is further contended by the insurance company in its brief that the failure of the jury to answer as to the length of time the house was under construction after the policy issued is immaterial. We think the answer was not only material, but essential. It asserts the proposition that such question would not necessarily have to be answered, even if material. We think the contrary has been held to be the law under the situation disclosed here, and where the judgment was not one non obstante veredicto. This is not a case where only immaterial issues were submitted to the jury. See Speer on Special Issues p. 558; Moore v. Moore, 67 Tex. 293, 3 S.W. 284; Milam Co. v. First Nat. Bank (Tex.Civ.App.) 29 S.W.(2d) 480; Smith v. Olivarri (Tex.Civ.App.) 127 S.W. 235; McCoy v. Long (Tex.Com.App.) 15 S.W. (2d) 234; Parks v. Hines (Tex.Civ.App.),

68 S.W.(2d) 364; Knox v. Brown (Tex. Com.App.) 277 S.W. 91; Tips v. Barneburg et al. (Tex.Civ.App.) 276 S.W. 932; Vernon's Ann.Civ.St. art. 2211; 25 Tex. Jur. pp. 484, 485.

■ The intervener James R. Forster perfected his appeal, but has filed no brief herein. However, the plaintiff, Wagstaff, whose pleadings in the trial court were adopted by such intervener, has filed an able brief covering every phase of the case. Under such state of facts, the intervener need not be deprived of the rights he would have had had he filed his brief in this court. Texas Creosoting Co. v. Sims (Tex.Civ.App.) 81 S.W.(2d) 556; Haynes v. J. M. Radford Grocery Co., 118 Tex. 277, 14 S.W.(2d) 811.

The judgment of the trial court as to the defendant C. V. Compton and the intervener W. Q. Seale is affirmed. Otherwise it is reversed and remanded.

Affirmed in part, and reversed and remanded in part.