## NATIONAL LIFE & ACCIDENT INS. CO. v. PARNELL.
### No. 1649.

Court of Civil Appeals of Texas. Waco.
Dec. 5, 1935.

Oltorf & Oltorf, of Marlin, for appellant.

Tom B. Bartlett and Charles E. Reagan, both of Marlin, for appellee.

STANFORD, Justice.

This action was brought by John Parnell against the National Life & Accident Insurance Company to recover the sum of $500 claimed to be due him under an accident insurance policy for the loss of an eye. The policy sued on provided in part as follows: "If within ninety days from date of accident any one of the following losses shall result to the insured solely and without other contributing causes from accidental injury, the company will pay the respective indemnities herein provided. * * *" Further provisions bound the company to pay the sum of $500 for the loss of an eye "which result solely and without other contributing causes from accidental injury." The plaintiff claimed to have lost the sight of his eye as the result of acid being thrown into it while work-

ing on an automobile storage battery. The defendant defended on the ground that the insured was not in sound health at the time he applied for and received the policy, and further that the loss of the sight of the eye was caused or contributed to by disease. The jury returned a verdict on special issues in favor of the plaintiff for the sum of $500, and judgment was entered accordingly. The defendant appealed.

Special issues 1 and 2 and the answers of the jury thereto were as follows:

"Special Issue No. 1: Do you find from a preponderance of the evidence that plaintiff, while the policy in question was in force, suffered the loss of sight in his right eye solely and without other contributing causes from an accidental injury?" To which the jury answered: "Yes."

"Special Issue No. 2: Do you find from a preponderance of the evidence that the loss of the sight of plaintiff's eye, if you have found that he had lost the sight of it, was not caused or contributed to by sickness or disease?" Answer, "It was not caused or contributed to by sickness or disease," or, "It was caused or contributed to by sickness or disease." To which the jury answered: "Was not caused by sickness & disease."

 It will be noticed that while it was found in answer to special issue No. 2 that the loss of the eye was not caused by sickness or disease, the jury did not find that the loss of the eye was not *contributed* to by sickness or disease. In view of the fact that the policy exempted the insurer from liability for any loss contributed to by causes other than accidental injury and the further fact that the defendant alleged and the evidence raised an issue as to whether or not the loss of plaintiff's eye was contributed to by sickness or disease, we think it was material for the jury to determine whether or not sickness or disease contributed to the loss. 24 Tex.Jur. 1248; International Travelers' Ass'n v. Bettis, 120 Tex. 67, 35 S.W.(2d) 1040, par. 6; Travelers' Ins. Co. v. Harris (Tex.Com.App.) 212 S. W. 933; American Ins. Co. v. Maddox (Tex.Civ.App.) 60 S.W.(2d) 1074, par. 6, and cases there cited. For the same reason the defendant was entitled to an affirmative presentation of this particular theory of the case to the jury. Southern Kansas Ry. Co. v. Wallace (Tex.Com.App.) 206 S.W. 505, par. 2, and authorities there cited.

Special issue No. 2 presented the defense relied on by the defendant, and if that issue had been answered in its favor it would have been entitled to judgment, but the jury wholly failed to answer a material part of the issue. In Copeland v. Brannan (Tex.Civ.App.) 70 S.W.(2d) 660, 662, it was said: "There was no finding of the jury on some of the material questions presented, and, having submitted these issues to the jury, and the jury not having found on them, the court was not authorized to supply such findings, nor to render judgment on the issues answered, but should have refused to accept same; and the jury should have been returned for further consideration, and, in case they could not agree on such material issues, a mistrial should have been declared. The court had no authority to render judgment on the verdict, absent any finding on a material issue submitted. Cranston v. Gautier (Tex.Civ. App.) 284 S.W. 620, and cases cited therein; J. R. Milam Co. v. First Nat. Bank (Tex.Civ.App.) 29 S.W.(2d) 480, 483; Early-Foster Co. v. Burnett & Co. (Tex.Civ. App.) 224 S.W. 316; Speer's Law of Special Issues, § 430, p. 559." See, also, 64 C.J. 1168; Phillips v. Hill, 3 Tex. 397; Kerr v. Hutchins, 46 Tex. 384; Waco Cement Stone Works v. Smith (Tex.Civ.App.) 162 S.W. 1158; Texas Employers' Ins. Ass'n v. Shilling (Tex.Com.App.) 289 S.W. 996, par. 3.

 The error here complained of was not raised in the motion for new trial, but we do not think this precludes consideration of the matter at this time. Since the case was submitted to the jury on special issues, a motion for new trial was not necessary in order to entitle appellant to revision of the judgment on appeal, provided the matter here complained of was called to the attention of the trial court and a ruling invoked thereon and an exception taken. 3 Tex. Jur. 253; Stubblefield v. Jones (Tex.Civ. App.) 230 S.W. 720 (writ refused); Rudasill v. Rudasill (Tex.Civ.App.) 219 S.W. 843; Milam v. Stubblefield (Tex.Civ.App.) 271 S.W. 410; Navar v. First Nat. Bank (Tex.Civ.App.) 254 S.W. 126. The appellee filed a motion to have judgment entered in his behalf upon the special verdict as returned by the jury. The trial court granted the motion and entered the judgment as prayed, to which appellant in open court excepted. This procedure necessarily invoked the ruling of the trial court on the sufficiency of the verdict, and it was not necessary to again invoke the ruling of the court on the same matter in order to raise the issue on appeal. 3 Tex.Jur. 259; Phil-

lips Petroleum Co. v. Booles (Tex.Com. App.) 276 S.W. 667; St. Louis, B. & M. R. Co. v. Webber, 109 Tex. 383, 210 S.W. 677; 4 Texas Law Review, 486.

Among the assignments of error filed in this court there is none assigning the error here complained of. However, there is a proposition in the brief in which complaint is made of the specific error here under consideration. While it is labeled "proposition," it embodies all of the essential elements of an assignment of error, and we think it sufficient for that purpose. Under the present statute it is not necessary that assignments be filed in the trial court, but same may be embodied in the brief and filed for the first time in the Court of Civil Appeals. Revised Statutes, art. 1844, as amended by Acts 1931, c. 75, § 1 (Vernon's Ann.Civ.St. art. 1844). The statute does not require that the assignments be placed in any particular part of the brief. Hence, when the brief contains a valid assignment of error, as does appellant's brief in this case, it is our duty to consider same although appellant has labeled it as a proposition. Albritton v. Commerce Farm Credit Co. (Tex.Civ.App.) 9 S.W.(2d) 193, par. 7.

For the error above pointed out, the judgment of the trial court is reversed and the cause remanded for a new trial.